*J. L. Worden* and *J. Morris*, for appellant.

*A. Ellison*, for appellee.

---

## SHAFFER v. THE STATE.

DISCHARGE OF JURY.—ONCE IN JEOPARDY.—The discharge of a jury in a criminal case, without the consent of the accused, after ample time spent in deliberation, because of their inability to agree upon a verdict, does not entitle the defendant to his discharge.

APPEAL from the *Clay* Common Pleas.

ELLIOTT, J.—An information was filed in the Court of Common Pleas of *Clay* county against the appellant, *Shaffer*, charging him with the commission of a malicious trespass. The case was submitted to a jury on a plea of not guilty. The jury, after deliberating on a verdict for eighteen hours, returned into court and "reported that they were unable to agree upon a verdict," whereupon the court discharged them, and ordered the defendant to enter

into a recognizance for his appearance at the next term of the court, to answer said charge, which he did.

The record is silent as to whether the defendant was present in court on the return of the jury, or assented to their discharge. At the same term of the court, the defendant filed a written motion claiming his discharge, on the ground that the jury had been discharged without his consent, and that he could not be again put in jeopardy by another trial for the same offense. The court overruled the motion, and continued the cause until the succeeding term. At the next succeeding term of the court, the defendant was tried and convicted of said offense, and fined one dollar. Before the commencement of the trial, he renewed the motion for his discharge, for the same reasons stated in the previous motion, which the court again overruled. After verdict he moved in arrest of judgment for the same reasons, but the court also overruled this motion, and rendered judgment on the finding of the jury. To all of these rulings the defendant excepted, and appeals to this court.

The question presented here is, did the discharge of the first jury, under the circumstances stated, operate as an acquittal of the defendant?

It is well settled that the discharge of the jury in a criminal case, after the cause has been submitted to them, without the consent of the accused, except for a valid cause rendering such discharge necessary, is equivalent to a verdict of acquittal, under the provision of the constitution that no person shall be put in jeopardy twice for the same offense. But after a careful consideration of the question, in the case of *The State* v. *Walker*, 26 Ind. 346, we held that the discharge of the jury, without the defendant's consent, because of their failure to agree upon a verdict, after ample time had been allowed them for consultation, and after it satisfactorily appeared to the court that there was no probability of their coming to an agreement, did not work an acquittal. We think this case comes

within the rule laid down in the case cited. In its very
nature it was not a complicated one, and the jury, after
a consultation of eighteen hours, reported to the court their
inability to agree upon a verdict. These facts, it seems to
us, justified the court in the conclusion that there was no
probability of an agreement, and the longer detention of
the jury, therefore, was useless.

The judgment is affirmed, with costs.

W. W. *Carter* and A. T. *Rose*, for appellant.

D. E. *Williamson*, Attorney General, for the State.