No. 10,668.

FOWLER v. THE STATE.

CRIMINAL LAW.—*Justice of the Peace.*—*Discharge of Jury.*—The strict rules governing trials for felonies in courts of superior jurisdiction are not applicable to trials before justices of the peace for misdemeanors; hence the discharge of a justice's jury, after three hours' deliberation, it being then late in the night, the defendant not objecting, but demanding another trial, will be presumed to have been regular, and will not bar another prosecution.

SAME.—*Instruction to Jury.*—*Jury Judges of the Law.*—In criminal cases the jury are, by the 19th section of the Bill of Rights, the judges of the law

as well as the facts, and need not be governed by the instructions of the court or the decisions of the Supreme Court, and it is proper for the court to so instruct the jury.

ELLIOTT and ZOLLARS, JJ., dissent.

INTOXICATING LIQUOR.—*Sale Without License.—Time.—Statute of Limitations.* —Time is not of the essence of the offence of selling liquor without license, and hence the time charged need not be strictly proved, but it will be sufficient to show that the act was done at any time within the statute of limitations.

From the Henry Circuit Court.

*J. Brown, W. A. Brown, D. W. Chambers* and *J. S, Hedges,* for appellant.

*F. T. Hord,* Attorney General, *L. P. Newby,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ELLIOTT, J.—The appellant was convicted of violating the statute prohibiting the sale of intoxicating liquor in less quantities than a quart.

It appears from the evidence that he was prosecuted for the same charge before a justice of the peace; that the jury called to try him, after "deliberating for several hours" as the record of the justice recites, and, as the record also states, "the court, being satisfied that the jury could not agree, discharged them and continued the case until the 18th day of October, 1882." On the 17th day of that month the defendant requested and obtained a venire for another jury, and when the case was again called for trial the State dismissed the prosecution. It is shown by testimony of witnesses that the jury were kept together for about three hours, and until late in the night. As to whether the appellant was informed of the discharge of the jury at the time the order was made, there is some conflict in the testimony, as there is on the question whether he was actually in the room when the order was given by the justice, but he was near by and was informed of the justice's order immediately after it was made. No objection was then made by him, nor was there any made afterwards, nor was there any motion for a discharge.

The decisions which declare the rule governing in cases of trials in courts of superior jurisdiction in cases of felony, can not be applied in their rigorous strictness to trials before justices of the peace upon a charge of a misdemeanor where no severe penalty can be inflicted, and where an appeal lies which secures a trial *de novo*. It is obvious that the phrase, "a reasonable time," is a relative one, and is to be considered as having relation to the forum, the character of the charge, and the extent of the penalty. It would be unreasonable to require a jury to be kept a great length of time in a justice's court where the charge is not one of very great gravity and the punishment can not extend beyond a fine of a few dollars.

We can not say that the justice did not, under the circumstances of this case, keep the jury together for a reasonable length of time. It may be that it would have been at the expense of the health of the jurors to have kept them together without proper accommodations, and we know that the State makes no provisions supplying accommodations for the juries called before justices, and we know, also, that justices are not bound to provide convenient places for them.

It must be presumed, in favor of the action of the justice, that there was a valid reason for discharging the jury. A justice's jury is not in the same situation as a jury under the charge of a sheriff, for, in the latter case, accommodations for their comfortable maintenance during their deliberations are provided by the public authorities.

If it should be held that the discharge of the jury entitled the appellant to his discharge, it is clear that, as he did not object to the action of the justice, nor move for his discharge, but on the contrary acquiesced in that officer's ruling by demanding of him another jury, he waived his right, if any he had, to afterwards insist that the trial bars another prosecution for the same offence. *Long* v. *State*, 46 Ind. 582. There was no objection made by him to the action of the justice at any time, nor did he present any objection before the trial on the information afterwards filed against him; on the contrary,

he voluntarily, and without objection, submitted to the empanelling of a jury in the circuit court and made no reference to the proceedings before the justice until after the trial had been entered on, and then relied upon them as evidence entitling him to an acquittal.

We need not set out the instructions of the court upon this point. It is only necessary for us to say of them, that they were more favorable to the appellant than he had a right to ask.

The court did not err in charging the jury that the State was not bound to prove a sale on the day laid in the indictment. Time is not of the essence of such an offence as that charged in the information, and it was sufficient for the prosecution to prove a sale at any time within the statute of limitations applicable to such offences.

The court, over the objection of the appellant, gave this instruction : " You are the judges of the law and the evidence, and of what facts are proved and what facts are not proved. It is the duty of the court to instruct you in the law, but his instructions are advisory only, and you may disregard them and determine the law for yourselves. Likewise, the decisions of the Supreme Court read to you by the defendant are not binding upon you, but you may disregard them and determine yourselves what the law is." On the authority of *Keiser* v. *State*, 83 Ind. 234, this instruction must be held correct. From the conclusion reached in that case, the writer dissented, and adheres to his dissent.

It seems to the writer that the decision in the case cited is wrong for these reasons :

1st. Regarding the decisions of the highest court of the State as mere evidence of the law, they are conclusive evidence, binding upon courts and juries alike.

2d. Decisions of the Supreme Court bind the trial court, and what binds the trial court necessarily binds the jury, which is, in legal contemplation, a part of the court, using, of course, the term court as meaning a tribunal where justice is judicially administered.

3d. Law is the rule declared by the statuus or established by the decisions of the supreme judicial tribunals, and the Constitution, in speaking of law, means the rule thus established and declared, and not the judgments of individual jurors in particular cases.

4th. Law, as used in the Constitution, means a rule prevailing over the entire State, and not the notions of juries called to try criminal cases.

5th. Law, as used in that instrument, means a rule established by some competent authority; that authority is either judicial or legislative, and juries have not the semblance of any such authority.

6th. There is an ultimate source of law, and that is either in the judiciary or in the Legislature, and men who are called into the jury-box possess neither judicial nor legislative powers, and can not be the source from which the law, using the term in the sense intended by the Constitution, is obtained.

Complaint is made by the appellant of a modification of an instruction asked by him. The instruction as asked declared that the discharge of the jury by the justice in the trial before him released the appellant, and the court added the following: "Unless the jury believe from all the evidence, beyond a reasonable doubt, that he consented to such discharge, and you may, in determining the question of such consent, consider all the facts and circumstances surrounding the discharge of such jury." It is evident from what has been said that there was no error in this. There would, indeed, have been no error in refusing the instruction as it was originally written.

Judgment affirmed.

ZOLLARS, J.—I concur in what is said by ELLIOTT, J., respecting the decision in *Keiser* v. *State*.