The State v. Leach.

No. 14,934.

## THE STATE v. LEACH.

CRIMINAL LAW.—*Jury.*— *Discharge without Agreement.*— *Reasonable Time for Deliberation.*—*Discretion of Court.*—The length of time that a jury shall be kept together in a criminal case without a verdict is a matter very much within the discretion of the court; and where, considering the nature of the offence and the punishment prescribed, they have been out a reasonable time without agreement, they may be discharged without working an acquittal of the defendant.

SAME.—*Justice of Peace.*—*Disagreeing Jury.*—*Discharge.*—*Jeopardy.*—In a prosecution before a justice of the peace for being found drunk in a public place, the discharge of the jury by the justice after they have spent three hours in deliberating upon their verdict without agreement, is not an abuse of discretion and does not work the acquittal of the defendant on the ground that he has been once in jeopardy.

From the Sullivan Circuit Court.

*L. T. Michener*, Attorney General, *W. C. Hultz*, Prosecuting Attorney, *J. H. Gillett* and *O. B. Harris*, for the State.

*W. S. Maple*, *J. T. Beasley* and *A. B. Williams*, for appellee.

BERKSHIRE, J.—The appellee was tried before a justice of the peace, and convicted of the offence of being found in a public place in a state of intoxication. See section 2091, R. S. 1881. From the judgment of the justice he appealed, and in the circuit court filed an answer alleging the following facts :

That on the 29th day of June, 1888 (the affidavit having been filed theretofore), he was tried before the said justice upon said charge, and the jury, having been out three hours and failing to agree, were, by said justice, discharged, without the appellee's knowledge or consent, and in his absence ; that afterwards, and on the 2d day of July, 1888, the appellee was again lawfully tried, before said justice and a jury, upon said charge; that after all the evidence had been in-

troduced, and at about the hour of 3 P. M., by agreement and without argument of counsel, the case was given to the jury, and they retired to deliberate of their verdict ; that about 6 o'clock, P. M., and when they had been out not to exceed three hours, said jury, 'not having agreed upon a verdict, without the consent of the appellee, and in his absence from the court-room, said justice discharged said jury; that the room to which said jury retired, and where they were holding their deliberations, was, during the time they were so using it, and when they were discharged, comfortable and convenient, and there existed no physical reason for their discharge ; that at the time of the discharge of said jury, on said 2d day of July, costs had accumulated in said case to the amount of fifty dollars.

To this answer the attorney representing the State addressed a demurrer, which the court overruled, and the proper exception was taken. The State refusing to plead further, the court discharged the appellee without a trial.

Neither the Constitution of the United States nor of this State will allow a citizen put in jeopardy twice for the same offence, but if after a jury is empanelled and a trial had a reasonable excuse arises for a discharge of the jury, this will not work an acquittal of the accused. . *United States* v. *Perez*, 9 Wheaton, 579.

The length of time that a jury should be kept together in a criminal case without a verdict is a matter very much within the discretion of the court.

In the case of *State* v. *Walker*, 26 Ind. 346, the learned judge delivering the opinion said : " But after a careful examination of the question, we are clearly of the opinion that the discharge of the jury because of their inability to agree, * * after it is apparent to the court that they can not agree upon a verdict, constitutes a good cause for their discharge, and leaves the accused subject to be tried by another jury."

In the case of *Fowler* v. *State*, 85 Ind. 538, it is said : " The decisions which declare the rule governing in cases of trials

in courts of superior jurisdiction in cases of felony, can not be applied in their rigorous strictness to trials before justices of the peace upon a charge of misdemeanor where no severe penalty can be inflicted, and where an appeal lies which secures a trial *de novo.* It is obvious that the phrase, ' a reasonable time,' is a relative one, and is to be considered as having relation to the forum, the character of the charge, and the extent of the penalty. It would be unreasonable to require a jury to be kept a great length of time in a justice's court where the charge is not one of very great gravity, and the punishment can not extend beyond a fine of a few dollars." See *Shaffer* v. *State,* 27 Ind. 131.

It is too well settled to require the citation of authorities that it is only in cases where there has been an abuse of discretionary power that a court of last resort will interfere. Until the contrary appears, the presumption is always in favor of the action of the lower courts in the exercise of their discretionary power. The justice's record states that after the jury had been out *a reasonable time,* and the court being satisfied that there was no reasonable probability that they would agree upon a verdict, they were discharged.

In the case of *Fowler* v. *State, supra,* the minimum fine was $20 ; in the case under consideration the maximum fine was five dollars. In that case the jury were kept out three hours, the same length of time as in this case, and it was held that the discharge of the jury did not work a discharge of the accused.

It would seem, in view of the diminutive character of the offence, that three hours' time spent by twelve men competent to serve as jurors, independent of all extrinsic circumstances, and a failure to agree upon a verdict, would be " a reasonable length of time," and that the justice might with safety discharge the jury. But, as we have seen, his record shows that having become satisfied that there was no reasonable probability that the jury would agree upon a verdict he discharged them.

In the exercise of his discretionary power, it became a question for him to consider and determine as to whether there was any probability that the jury would agree upon a verdict, and having determined that there was no probability of an agreement, it was his privilege to discharge them, and make a record of his action.

Now, does the answer allege facts sufficient to overthrow the record made by the justice, and justify the conclusion that there was an abuse of discretion in discharging the jury? We think not.

All that is alleged in the answer may be true, and the action of the justice in discharging the jury eminently proper. It is not alleged, nor is it claimed, that the jury would have made a verdict if kept longer; for all that appears, the facts as presented to the justice may have been of such a character as to convince him that the jury would not have agreed if kept on bread and water for a month.

The judgment is reversed, with costs, and the court below instructed to sustain the demurrer to the answer.

