## THE STATE OF INDIANA *v.* LARIMORE.

[No. 21,523.   Filed February 16, 1910.]

1. CRIMINAL LAW.—*Disagreement of Jury.—Discharge.—Effect.—* The discharge of a jury unable to agree leaves the accused subject to another trial. p. 453.

2. CRIMINAL LAW.—*Dismissal of Affidavit.—Filing Over.—Disagreement of Jury.—*A dismissal of the affidavit after a disagreement and proper discharge of the jury does not bar another prosecution for the same offense. p. 454.

From Boone Circuit Court; *Willet H. Parr,* Judge.

Prosecution by The State of Indiana against Alonzo Larimore. From a judgment for defendant, the State appeals. *Reversed.*

*James Bingham,* Attorney-General, *Roy W. Adney,* Prosecuting Attorney, *A. G. Cavins, E. M. White, W. H. Thompson* and *R. P. Bundy,* for the State.

MONTGOMERY, J.—Appellee was prosecuted upon an affidavit in two counts, charging him with a violation of §8351 Burns 1908, Acts 1907, p. 689, §1. The accused interposed a plea of former jeopardy to each count, and averred, in substance, that prior to the filing of the affidavit in this case another had been filed against him for the same offense, upon which a trial was had before a jury legally impaneled; that such jury, after due deliberation, was unable to agree, and was discharged; that afterwards the affidavit upon which said trial was had was dismissed on motion of the prosecuting attorney, and the affidavit in this cause was filed. The State demurred, on the ground of insufficient facts, to this plea, and its demurrer was overruled and an exception thereto duly saved. The court thereupon gave judgment that appellee be discharged from custody and go hence without day, to which action the State excepted.

It is alleged on appeal that the court erred in overruling the State's demurrer, and in discharging appellee from custody.

The discharge of a jury because of their inability to agree after ample time spent in consultation, and after it is apparent to the court that they cannot agree upon a verdict constitutes good cause for their discharge, and leaves the accused subject to trial by another jury. *State* v. *Walker* (1866), 26 Ind. 346, 352; *State* v. *Nelson* (1886), 26 Ind. 366; *Shaffer* v. *State* (1866), 27 Ind. 131; *State* v. *Leach* (1889), 120 Ind. 124; *Dreyer* v. *People* (1900), 188 Ill. 40, 58 N. E. 620, 58 L. R. A. 869; *State* v. *McMillen* (1903), 69 Ohio St. 247, 69 N. E. 433; *People* v. *Parker* (1906), 145 Mich. 488, 108 N. W. 999; *State* v. *Vaughan* (1870), 29 Iowa 286; *Commonwealth* v. *McCormick* (1881), 130 Mass. 61, 39 Am. Rep. 423; *State* v. *Cope-*

*land* (1877), 65 Mo. 497; *Hovey* v. *Sheffner* (1907), 16 Wyo. 254, 93 Pac. 305, 15 L. R. A. (N. S.) 227, 125 Am. St. 1037; *State* v. *Lewis* (1903), 31 Wash. 515, 72 Pac. 121; *State* v. *Keerl* (1906), 33 Mont. 501, 85 Pac. 862; *State* v. *Hager* (1900), 61 Kan. 504, 59 Pac. 1080, 48 L. R. A. 254; *Potter* v. *State* (1883), 42 Ark. 29; *State* v. *Harris* (1907), 119 La. 297, 44 South. 22; *Johnson* v. *State* (1907), 54 Fla. 45, 44 South. 765; *Lester* v. *State* (1862), 33 Ga. 329; *State* v. *Whitson* (1892), 111 N. C. 695, 16 S. E. 332; *State* v. *Stephenson* (1898), 54 S. C. 234, 32 S. E. 305; *Dryer* v. *Illinois* (1902), 187 U. S. 71, 23 Sup. Ct. 28, 47 L. Ed. 79.

A dismissal of the affidavit after a disagreement and proper discharge of the jury did not bar another prosecution for the same offense. *Hensley* v. *State* (1886), 107 Ind. 587; *Commonwealth* v. *Cody* (1896), 165 Mass. 133, 42 N. E. 575; *People* v. *Pline* (1886), 61 Mich. 247, 28 N. W. 83; *State* v. *Shirer* (1883), 20 S. C. 392; *Kelly* v. *United States* (1885), 27 Fed. 616; *Thompson* v. *Commonwealth* (1894), (Ky.), 25 S. W. 1059; *Fain* v. *Commonwealth* (1900), 109 Ky. 545, 59 S. W. 1091.

It follows that the court erred in overruling appellant's demurrer to the plea of former jeopardy, and in discharging the accused.

The judgment is reversed, with directions to sustain the demurrer to appellee's plea of former jeopardy, and for further proceedings.