HARLAN ET AL. *v.* STATE OF INDIANA.

[No. 23,789.    Filed March 29, 1921.]

1. CRIMINAL LAW.—*Verdict of Disagreement.—Sufficiency.— Discharge of Jury.—Failure to Object.—Waiver of Objections.* —In a criminal prosecution, a verdict, "We, the jury disagree," is a nullity, but it does not necessarily follow that the effect is to acquit the defendant, and, where the defendant failed to object to the discharge of the jury at the time the verdict was given he waived any right he may have had to thereafter plead previous jeopardy.  pp. 327, 328.

2. CRIMINAL LAW.—*Discharge of Jury.—Failure to Except.— Waiver of Objections.*—The discharge of a jury in a criminal case must be excepted to at the time by the defendant, or he will be deemed to have waived any objection thereto.  p. 328.

3. CRIMINAL LAW.—*Justices of the Peace.—Jurisdiction.— Statutory Limitation.*—Justices of the peace have such jurisdiction in a criminal case as is given them by statute, and no other.  p. 329.

4. CRIMINAL LAW.—*Justice of Peace Imposing Excessive Punishment.—Jurisdiction of Circuit Court to Try Appeal.*—The offenses of keeping a gaming devise, of raffling and of gaming, are offenses which a justice of the peace has concurrent jurisdiction with the circuit court to try with the same power to hear and determine that the circuit court has, but with lesser power to punish, and where a jury in a justice's court, in a prosecution for such offenses, returned a verdict assessing a fine in amount greater than authorized by law, the circuit

court was not for that reason deprived of jurisdiction to try the case *de novo* on appeal. p. 330.

5. JURY. — *Criminal Prosecution.* — *Vacancies.* — *Filling From Special Venire.* — *Statutes.* — Section 544a Burns 1914, Acts 1909 p. 103, providing for the selection of jurors to fill vacancies on the regular panel, does not apply where a juror "is removed for cause, or peremptorily, under the present laws," and in view of §547 Burns 1914, §522 R. S. 1881, empowering the court, when the business thereof requires, to empanel a special jury for the trial of any cause, and §§1668, 1669 Burns 1914, Acts 1913 p. 15, §1338 R. S. 1881, relating to the drawing of names for a special venire to serve as jurors, whether vacancies in the regular panel, which had been requested by defendant for the trial of the cause, should be filled from the special venire or from bystanders was within the discretion of the court. pp. 331, 333.

6. JURY.—*Criminal Prosecution.—Right to Jury Trial.—Limitations.*—One being prosecuted for a crime has no constitutional right to be tried by the regular panel of the petit jury, nor by any jury other than an impartial jury composed of jurors possessing the requisite statutory qualifications and selected and impaneled in the mode prescribed by statute. p. 333.

7. CRIMINAL LAW.—*Discharge of Jury.—Previous Jeopardy.*— Where a jury in a criminal prosecution is properly discharged without rendering a verdict or upon failure to agree upon a verdict, or necessarily discharged before verdict, a second trial of the accused does not put him twice in jeopardy for the same offense within the meaning of the Constitution. p. 334.

8. CRIMINAL LAW.—*Jury.—Determination of the Law and the Facts.—Constitutional Provisions.*—Section 19 of the Bill of Rights (§19, Art. 1, Constitution), providing that in all criminal cases the jury shall have the right to determine the law and the facts, means that the jury have a right to determine all questions of law pertaining to the essential elements of the offense, but not that they are the sole judges of the law in every respect; hence the court determines the sufficiency of the indictment under the law, and decides all questions of law arising upon the admissibility of evidence. p. 334.

9. CRIMINAL LAW.—*Plea of Not Guilty.—Evidence Admissible.— Previous Acquittal or Conviction.—Common-Law Rule.*—At common law the plea of former conviction or acquittal must be specially pleaded, but in Indiana it is provided by statute that under a plea of not guilty the defendant may show that he has been acquitted or convicted of the same offense. p. 335.

10. CRIMINAL LAW.—*Former Conviction or Acquittal.—Burden of Proof.*—The burden of proof is upon defendant in a criminal

Harlan v. State—190 Ind. 322.

prosecution to show a former conviction or acquittal, and he must establish by the evidence the identity of the two offenses. p. 335.

11. CRIMINAL LAW.—*Special Plea of Previous Jeopardy.—Attacking by Demurrer.*—A special plea of former conviction or acquittal, if bad on its face, is demurrable.   p. 335.

12. CRIMINAL LAW.—*Plea of Previous Jeopardy.—Failure of Proof.—Instructions.*—Where, on trial, a sufficient plea of former conviction or acquittal of the same offense is not sustained by the proof, the court may so instruct the jury. p. 335.

13. CRIMINAL LAW.—*Plea of Previous Jeopardy.—Failure to Offer Proof.—Submission to Jury.*—Where no evidence is offered to support a plea of former conviction or acquittal, the court need not submit the matter to the jury.   p. 335.

14. CRIMINAL LAW.—*Plea of Previous Jeopardy.—Issues Raised.*—A plea of former conviction or acquittal presents only the question of whether the accused has been tried for the same offense, and the issues raised thereby are in no way connected with those raised by a plea of not guilty.   p. 336.

15. CRIMINAL LAW.—*Plea of Previous Jeopardy.—Sufficiency.—Determination.—Power of Court.—Constitutional Provisions.*—Constitution, Art. 1, §19, providing that the jury in criminal cases shall determine the facts and the law in the case, refers to the issues formed upon the essential elements of the offense charged, so that it is within the province of the trial judge, without submitting the matter to the jury, to determine the sufficiency of the pleadings in a criminal case, and where a special plea, such as a plea of previous jeopardy, is filed, he may decide whether or not the facts stated therein are sufficient to sustain the defense.   p. 336.

16. CRIMINAL LAW.—*Instructions.—Previous Jeopardy.—Sufficiency of Evidence.—Province of Jury.*—In a criminal prosecution, an instruction that there was no evidence to justify an acquittal on the ground of previous jeopardy *held* not to invade the province of the jury or violate the Constitution, Art. 1, §19, providing that in all criminal cases the jury shall have the right to determine the law and the facts.   p. 338.

From Gibson Circuit Court; *S. L. Vandeveer*, Judge.

Prosecution by the State of Indiana against John Harlan and another. From a judgment of conviction, the defendants appeal.   *Affirmed.*

*Morton C. Embree,* for appellants.

*U. S. Lesh,* Attorney-General, and *Sumner Kenner,* for the State.

WILLOUGHBY, C. J.—This is an action instituted in the court of a justice of the peace by filing an affidavit in three counts charging the appellants with keeping a devise for gaming, with raffling, and with gaming. The affidavit was filed on September 5, 1919. The defendants were arrested and brought before the justice of the peace. The cause was then continued until September 8, 1919, when upon a plea of "not guilty" the defendants were tried by jury, which returned a verdict as follows: "We, the jury disagree, Fred Hall, Foreman." The jurors were discharged and a new trial date set for September 27, 1919, at 10 o'clock a.m. On September 27, 1919, a jury was called and the trial commenced and the evidence partly heard, when the cause was continued until September 29, 1919, when the trial was completed, and the jury returned a verdict as follows: "We, the jury, find each of the defendants guilty as charged in the affidavit, and assess each of their fines at the sum of $59.16. C. H. White, Foreman." Judgment was rendered on the verdict on the same day, September 29, 1919, and the defendants prayed an appeal to the Gibson Circuit Court and filed their appeal bond as required by law, which bond was approved by the court.

In the Gibson Circuit Court, the appellants, November 8, 1919, each filed a motion for a discharge from further prosecution, and on January 12, 1920, each defendant filed a similar motion. Each of the motions stated the following grounds: (1) "That the judgment rendered against them before Robert M. Morton, a justice of the peace is void." (2) "That this court has no jurisdiction to try this action." (3) "That this de-

fendant has been once in jeopardy in respect to the matters charged in this action."

Each of said motions was accompanied by the following memorandum: "The transcript in this action shows on its face that the judgment rendered against this defendant is for $59.16, an amount in excess for the jurisdictional fine before a justice of the peace, and it is therefore void. Since the jurisdiction of this court depends upon the jurisdiction of the justice of the peace, and the justice of the peace performed a void act, this court can acquire no jurisdiction by reason of the void judgment. This defendant has been once in jeopardy, having submitted to a trial before a jury, which resulted in a void judgment. The jury was discharged without rendering a verdict upon which a valid judgment could be based."

Each of these motions was overruled, and each of the appellants at the time excepted. Each of the appellants filed a second motion for a discharge from further prosecution. Each of such motions for a discharge assigned the following reasons therefor: (1) "That it appears upon the face of the transcript of the justice of the peace in said cause, that the defendant has been once in jeopardy for the offense charged in the affidavit in said cause." (2) "That it appears upon the face of the transcript of the justice of the peace in said cause that this court has no jurisdiction of said cause." Each of these motions for a discharge was accompanied by the following memorandum:

"The transcript of the justice of the peace in this cause shows on its face that on the 8th day of September, 1919, in the court of Robert M. Morton, a Justice of the Peace, that being a court of competent jurisdiction, this defendant was put upon trial by jury, upon the same affidavit that is the basis of this action; that such affidavit is sufficient in form and substance to sus-

tain a conviction; that such jury was charged with his deliverance; that such jury returned a verdict; that said verdict was void, and was effective in law as a verdict of acquittal; and that such jury was discharged without having arrived at a valid verdict. These facts constitute former jeopardy.

"The transcript of the justice of the peace in this cause further shows on its face that on the 27th day of September, 1919, in the court of Robert M. Morton, a justice of the peace, that being a court of competent jurisdiction except as hereinafter stated, this defendant was again put upon trial by a jury upon the same affidavit that is the basis of this action; that such affidavit is sufficient in form and substance to sustain a conviction; that such jury was charged with his deliverance; that such jury returned a verdict; that by said verdict the jury assessed a fine in excess of its powers; that such verdict was void, and was effective in law as a verdict of acquittal; and that such jury was discharged without having arrived at a valid verdict. These facts also constitute former jeopardy.

"Because of the facts above stated the court of the justice of the peace had no jurisdiction to try this defendant the second time. Moreover, the court of the justice of the peace lost jurisdiction of this action by reason of the fact that the second jury therein returned a verdict greater in amount than was authorized by law, and therefore void, and such jury was discharged. The jurisdiction of this court is dependent upon the jurisdiction of the court of the justice of the peace. This court therefore has no jurisdiction of this action."

Substantially the same motions, that each of the appellants be discharged from further prosecution in the action, were filed on January 20, 1920, and the reasons assigned were the same as in the former motions. Appellant claims that the verdict re-

turned in the first trial of the cause, "We, the jury, dis-
agree," was no verdict at all, and that the effect of it
was to acquit the defendant. We agree with the de-
fendants that the verdict was a nullity, but it does not
necessarily follow that the effect was to acquit the de-
fendant. It has been held that where a defendant in a
criminal prosecution is put upon trial on a valid indict-
ment, before a jury lawfully impaneled and sworn, and
the jury is discharged before a verdict is returned, with-
out good cause and without his consent, he has been
put in jeopardy within the constitutional meaning of
that term, and that the discharge of the jury in such
a case is equivalent to a verdict of not guilty of the
offense charged. *Hensley* v. *State* (1886), 107 Ind. 587,
8 N. E. 692, and cases there cited. However, in the
same case it was held that in pleading former jeopardy
it is not sufficient to show that jeopardy has once at-
tached to the defendant, but it must also be shown
that the jeopardy so attaching was not discharged by
operation of law or waived by some act of the defend-
ant. In *Kingen* v. *State* (1874), 46 Ind. 132, it was
held that when the defendant was in court in person
and by counsel when a juror was discharged and neither
objected nor excepted to such discharge, the discharge
must be held to have been with the consent of the de-
fendant, and subsequently putting the defendant on
trial was not error. The discharge of a jury in
2.    a criminal case must be excepted to at the time
by the defendant, or he will be deemed to have
waived any objection thereto. *Long* v. *State* (1874),
46 Ind. 582.

The case of *Fowler* v. *State* (1882), 85 Ind. 538, is
directly in point. There the jury in a justice's court
was discharged by the justice, not having agreed,
1.    and appellant therein claimed that such discharge
was wrongful, and he, having been in jeopardy,

could not be again placed on trial. The Supreme Court in overruling this contention said: "If it should be held that the discharge of the jury entitled the appellant to his discharge, it is clear that, as he did not object to the action of the justice, nor move for his discharge, but on the contrary acquiesced in that officer's ruling by demanding of him another jury, he waived his right, if any he had, to afterwards insist that the trial bars another prosecution for the same offense."

The bill of exceptions in the instant case shows that on the first trial before the justice of the peace both the defendants and their attorneys were present when the jury was discharged, and neither the defendants nor their attorneys made any objection to the discharge of the jury. Under such circumstances, the defendants waived their right, if they ever had any, to insist that such trial bars a subsequent trial on the same charge.

Appellants insist that the justice of the peace lost jurisdiction in the cause, because on the second trial the jury returned a verdict for an amount greater than was authorized by law, and that such verdict was void and was effective in law as a verdict of acquittal, and that such jury was discharged without having arrived at a valid verdict, and that these facts constitute former jeopardy. It does not appear from the record that either the defendants or their attorneys objected to such discharge of the jury. Justices of the peace have such jurisdiction in a criminal case as is given to them by statute, and no other. *Wakefield* v. *State* (1854), 5 Ind. 195; *State* v. *Morgan* (1878), 62 Ind. 35; *Nace* v. *State* (1889), 117 Ind. 114, 19 N. E. 729.

But appellants say: "The transcript of the justice of the peace in this case shows upon its face that upon the occasion of the second trial before the justice of

the peace, the appellants were put upon trial before a jury in a court of competent jurisdiction,
4. upon an affidavit that is sufficient in form and substance to sustain a conviction; that the jury was charged with their deliverance; that the jury returned a verdict which was a nullity; and that the jury was discharged without arriving at a valid verdict." It does not appear that any objection was made to the discharge of the jury or to the verdict. But the appellants contend that by permitting the jury to return a verdict for a larger amount than $25 the justice of the peace lost jurisdiction, and consequently the circuit court acquired no jurisdiction to try appellants *de novo*, citing *Nace* v. *State, supra*. In this we think appellants are wrong. In the case cited the defendant, Nace, was charged with an offense which the justice had no jurisdiction to try, while in the case at bar the defendants were put upon trial before a jury in a court of competent jurisdiction, as admitted by appellants in their brief, and for an offense which the justice had jurisdiction to try. If the offense charged was one of which the justice had concurrent jurisdiction with the circuit court to try, he had the same power to hear and determine that the circuit court had, but the circuit court had larger power to punish. See *Peelle* v. *State* (1903), 161 Ind. 378, 68 N. E. 682.

In *Peelle* v. *State, supra,* the court said: "The limitation is not upon the justice's power to try, but upon his power to punish. This case does not belong to that class to which *Nace* v. *State*, 117 Ind. 114, and *Horton* v. *Sawyer*, 59 Ind. 587, belong, where the law provides that the minimum fine or judgment shall be greater than the justice has power to render. In this class of cases the trial of the justice would necessarily be a nullity, and hence it is held that he has no jurisdiction, and none is conferred in the circuit court by appeal.

The judgment in this case was rendered by a court of undoubted jurisdiction, and its appeal carried the case into the circuit court, there to be tried upon the original affidavit, it is true, but *de novo,* and in all other respects disposed of precisely as other like cases originating in the latter court, assessing whatever punishment is deemed just within the limits of the statute." The court did not err in overruling the several motions of defendants to be discharged from further prosecution.

On motion for a new trial, appellants contend that the impaneling of the jury upon the trial of this cause in the Gibson Circuit Court was irregular and

5. illegal because a regular panel of jurors, drawn as required by law, was in attendance at the term of court at which this cause was tried; that two days prior to the trial of this cause, the appellants requested the regular panel of the jury for the trial of this cause; that one day prior to the trial the court ordered the clerk to draw from the jury box the names of two persons to serve as jurors in the place of two members of the regular panel, who had been excused for the term; and the clerk drew the names of two persons to fill the two vacancies. Upon the day of the trial the members of the regular panel of the jury were in attendance except John F. Schmidt, who was absent. Two days prior to the trial of this case the court, at the request of the state and over the objection of the appellants, had ordered a special venire of jurors to be drawn from the jury box, for the trial, and such special venire had been drawn by the clerk and was in attendance on the day of the trial.

At the commencement of the trial the eleven members of the regular panel were called and took their seats in the jury box. The court thereupon caused one of the members of the special venire to be seated in the

jury box, and the eleven members of the regular panel and the one member of the special venire were sworn to answer questions in respect to their competency and qualifications to sit as jurors. During the impaneling of the jury when one of the panel was removed for cause or peremptorily by order of the court, the place so left vacant was in each instance filled by calling and seating one of the members of the special venire. Appellants claim that this was error, and in support of such contention cite §544a Burns 1914, Acts 1909 p. 103, and claiming because of such statute the jury by which appellants were tried was not legally constituted and had no authority to try them. Section 544a Burns 1914, *supra,* provides for the selection of jurors to fill vacancies on the regular panel. This section contains a proviso "that this act shall not apply where a member of any such jury is removed for cause, or peremptorily, under the present laws, but in such case said panel shall be filled from talesman as now provided by law."

This section did not repeal any law then in force. Section 547 Burns 1914, §522 R. S. 1881, then in force, provides that the court shall have power, when the business thereof requires it, to order the impaneling of a special jury for the trial of any cause. Section 1668 Burns 1914, Acts 1913 p. 15, provides for drawing juries preceding the commencement of any term of court, and §1669 Burns 1914, §1388 R. S. 1881, provides that wherever any such court shall be of the opinion that by reason of numerous challenges in any cause a special venire should issue for jurors, it shall direct the clerk to draw from said box such number of names as shall be deemed proper, and the persons so drawn shall be summoned by virtue of such special venire. These statutes give the trial court the right to have vacancies caused by challenging jurors filled either from a special venire or from bystanders, as in

his discretion he deems proper. Section 1669 Burns 1914, is §1388 R. S. 1881, and under that statute this court held that the court was authorized to order a special venire for persons to serve as jurors. *Hauk* v. *State* (1897), 148 Ind. 238, 46 N. E. 127, 47 N. E. 465; *Heyl* v. *State* (1887), 109 Ind. 589, 10 N. E. 916; *Wood* v. *State* (1883), 92 Ind. 269. The manner of filling vacancies on the regular panel is left to the discretion of the trial court. §547 Burns 1914, *supra; Deig* v. *Moorehead* (1887), 110 Ind. 451, 11 N. E. 458; *Pierce* v. *State* (1879), 67 Ind. 354.

A person accused of crime has no constitutional right to be tried by the regular panel of the petit jury, nor by any jury other than an impartial jury composed of jurors possessing the requisite statutory qualifications and selected and impaneled in the mode prescribed by statute. *Pierce* v. *State, supra.*

It is not claimed that the jurors were disqualified nor that they were not impartial, but the contention of the appellants is that they were not impaneled in the mode prescribed by statute. We think the statutes providing for the impaneling of juries were complied with.

In *Pierce* v. *State, supra,* the court said: "When an appellant complains, in this court, of an order of the circuit court for the impanelling of a special jury for the trial of his cause, it will be presumed by this court, until the contrary is made manifest, that the business of the circuit court required the impanelling of such special jury for the trial of such cause. In such a case, the record must show very clearly that there was such an abuse of its discretion, in the order of the circuit court for the impanelling of a special jury, as had probably deprived the appellant of his constitutional right to a trial by 'an impartial jury,' before this court would be authorized to disturb such order of the circuit court,

or to reverse the judgment below, on account of such order." The record does not show such abuse of discretion on the part of the trial court.

The appellants contend that the court erred in giving to the jury instruction No. 6, given to the jury by the court of the court's own motion, and say that 7. the jury had the right to determine both the law and the facts; that the instruction was an invasion of the province of the jury. The instruction is as follows: "The court instructs the jury that there is no evidence in this case to justify a verdict finding the defendants not guilty on the ground of having been formerly placed in jeopardy on the charges embraced in either the first or second counts of the affidavit."

The appellants in this case base their claim of former jeopardy upon the proceedings in the court of a justice of the peace, in which they claim that a jury was discharged under such circumstances that it worked an acquittal because of the improper discharge of the jury. If a jury is properly discharged in a cause without rendering a verdict, a second trial of the accused does not put him twice in jeopardy for the same offense within the meaning of the Constitution. *Dreyer* v. *Illinois* (1902), 187 U. S. 71, 23 Sup. Ct. 28, 47 L. Ed. 79. The necessary discharge of a jury before verdict does not prevent another trial. *Doles* v. *State* (1884), 97 Ind. 555; *State* v. *Leach* (1889), 120 Ind. 124, 22 N. E. 111. If a jury is properly discharged upon a failure to agree upon a verdict, there may be a subsequent prosecution for the same offense. *State* v. *Larimore* (1910), 173 Ind. 452, 90 N. E. 898.

Section 19 of the Bill of Rights (§19, Art. 1, Constitution), being §64 Burns 1914, provides that, in all criminal cases whatever, the jury shall have the 8. right to determine the law and the facts. This provision evidently means that the jury have a

right to · determine all questions of law pertaining to the essential elements of the offense, but cannot be rightfully construed to mean that the jury are the sole judges of the law in every respect. In a criminal case the court determines the sufficiency of the indictment under the law, and it also decides all questions of law arising upon the admissibility of evidence. See *Anderson* v. *State* (1886), 104 Ind. 467, 4 N. E. 63, 5 N. E. 711.

At common law the plea of former conviction or acquittal must be specially pleaded, but in this state it

9. is provided by statute that under the plea of "not guilty" the defendant may show that he has been acquitted or convicted of the same offense.

In England and in many states of the United States it is held that former conviction or acquittal is a distinct issue and cannot properly be submitted to the jury along with the general issue of "not guilty."

The burden of proof is upon the defendant to show a former conviction or acquittal, and he must establish by

10-13. the evidence the identity of the two offenses. When the plea is filed as a special plea, if it is bad on its face, it is demurrable, and on the trial of a sufficient plea the court may charge the jury that the plea is not sustained by the proof, when that is a fact. *Martha* v. *State* (1855), 26 Ala. 72. Where no evidence is introduced to support the plea, it is not error if the court does not submit it to the jury. *Johnson* v. *State* (1895), 34 Tex. Cr. 115, 29 S. W. 473.

In *State* v. *Hager* (1900), 61 Kan. 504, 59 Pac. 1080, 48 L. R. A. 254, the court said: "A plea of former acquittal, not being of matter involved in the general issue—not being of matter which goes to the question of guilt or innocence—a judgment sustaining it cannot be in the nature of an acquittal."

A plea of former jeopardy, whether determined one

way or the other, cannot be regarded as involving the merits of the case and does not reach to the question of guilt or innocence, and, if determined in defendant's favor, the state may have an appeal upon the question if reserved by it. See *State* v. *Larimore, supra; State* v. *Hager, supra.*

The issues raised by plea of former conviction or acquittal are in no way connected with the issues raised by the plea of "not guilty." The plea of former 14. acquittal or conviction raises only the question of whether the person has been tried for the same offense. Section 19 of the Bill of Rights, *supra,* 15. providing that the jury in criminal cases shall determine the facts and the law in the case, necessarily refers to the issues formed upon the essential elements of the offense charged, and consequently it is within the province of the judge, without submitting the matter to a jury, to determine the sufficiency of the pleadings, and in case of a special plea he may decide whether or not the facts therein stated are sufficient to sustain the defense.

If the special pleading be a plea of former acquittal, he may decide, upon demurrer to the plea, whether the facts stated in such plea are sufficient to show that the offense with which the defendant is now charged was the same offense for which he had been previously tried and acquitted; and in states where a former acquittal or conviction may be proved under the general issue in order to sustain the defense of former acquittal or conviction, the defendant would be required to prove the same facts which it would be necessary for him to allege in his special plea of conviction or acquittal, if he filed such plea; therefore, it naturally follows that, if the court has a right to determine when the plea is filed in writing the sufficiency thereof, then when the facts are proved under the general issue, or undisputed, the

court would have a right to say whether such facts were sufficient to show a former conviction or acquittal.

The appellants in their brief say, "The facts that constitute former jeopardy will be briefly related," and then go on to state as follows: "This action was instituted in the court of a justice of the peace, by the filing of an affidavit in three counts, charging the appellants with operating a gaming device, with conducting a raffle, and with gaming. There was a trial by jury before the justice, the evidence was heard, the jury retired to deliberate upon a verdict, and, after about five minutes' deliberation, returned with a verdict in the following words: 'We, the jury, disagree. Fred Hall, Foreman.' The verdict was received by the justice and recorded, and the jury was discharged. The appellants were held on bond and subsequently a second trial was had before a jury, in the court of the same justice. Upon this second trial the evidence was heard, the jury retired to deliberate upon a verdict, and after some deliberation returned into court with a verdict in the following words: 'We, the jury, find each of the defendants guilty as charged in the affidavit, and assess each of their fines at the sum of $59.16. C. H. White, Foreman.' The verdict was received by the justice and recorded and the jury was discharged. The justice thereupon rendered judgment upon the verdict, that each of the appellants make his fine to the State of Indiana, in the sum of $59.16, and that he pay the costs."

And in another place in their brief they say: "The undisputed evidence shows conclusively that on each of two occasions, in the court of the justice of the peace, the appellants were put upon their trial before a jury; that on each of such occasions the jury was impaneled, sworn and charged with their deliverance; that on each of such occasions the jury returned a verdict that was

a nullity; and that on each of such occasions the jury was discharged without having arrived at a valid verdict. These facts establish the proposition that each of the appellants had been twice in jeopardy for the offenses charged in the affidavit in this action, prior to their trial in the circuit court."

The appellants also set out in their brief the evidence involving the subject of former jeopardy and former acquittal. An examination of such evidence shows no contradictions. It is undisputed, and in our opinion fails to sustain the defense of former jeopardy.

Our conclusion is that said instruction did not invade the province of the jury, and did not violate the provisions of §19 of the Bill of Rights, *supra*. The court did not err in giving it.

Appellants say the court erred in refusing to give to the jury instructions Nos. 6, 7, 8, 9, 10, 11, 12 and 13, requested by appellants. These instructions are all on the subject of former jeopardy, and for reasons heretofore stated in this opinion in the discussion of instruction No. 6, given by the court of its own motion, it was not error to refuse to give them.

Finding no reversible error in the record, the judgment is affirmed.

Townsend, J., absent.