### AYAD v. STATE OF INDIANA.

[No. 168S10. Filed July 29, 1970. Rehearing denied October 26, 1970. Transfer denied October 26, 1970.]

*John J. Davie,* of LaPorte, for appellant.

*John J. Dillon,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

*HUNTER, C.J.—Appellant was charged by affidavit with the criminal offense of sodomy arising out of alleged homosexual

---

* This appeal was transferred and re-assigned to this office on May 28, 1970.

activities between appellant and another person. Upon a plea of not guilty, trial was had before a jury and appellant was found guilty as charged. Following the jury verdict, a fine of one hundred dollars was imposed and appellant was committed to the custody of the Board of Trustees of the Indiana Reformatory for a period of not less than two (2) nor more than fourteen (14) years.

Appellant's sole assignment of error is that the trial court erred in overruling his motion for new trial. In that motion, appellant alleges that he was deprived of a fair trial by reason of certain irregularities in the proceeding and that the verdict of the jury is contrary to law in that there was insufficient evidence to support the conviction.

The essence of appellant's argument as it relates to the alleged irregularities occurring at trial is that the trial court erred in refusing to grant appellant's motion for mistrial made on two occasions when the jury returned from its deliberations to inform the court that it was unable to reach a verdict. Briefly, the background facts are as follows: The jury received the case for deliberation at approximately 2:00 P.M. on September 20, 1967. At 8:50 P.M. the members of the jury returned and stated to the court that they were unable to reach a verdict. The appellant immediately moved for a mistrial. The court, however, after hearing argument of counsel overruled the motion and directed the jury to further consider the case. Later, at 11:10 P.M. the members of the jury again returned to open court and stated that they were still unable to agree on a verdict. A second motion was made by the appellant for mistrial but this was also overruled and the jury was again instructed to deliberate further. At 11:55 P.M. the jury returned with a verdict of guilty as charged.

There appears to be a dearth of authority in this state on the precise legal issue here presented. This court has on numerous occasions held that it is within the trial court's discretion to determine whether the discharge of the jury and the de-

claring of a mistrial are appropriate under the circumstances of the case. Note should be made, however, that these cases normally involve the propriety of the trial court's allowing a case to go to the jury where certain statements have come into evidence which are prejudicial to the defendant. See e.g. *Gunder* v. *State* (1968), 250 Ind. 689, 238 N. E. 2d 655; *Duke* v. *State* (1968), 249 Ind. 466, 233 N. E. 2d 159; *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254.

Most cases dealing with the question of discharge of the jury for failure to reach a verdict have arisen in situations where there is a challenge to the propriety of the trial court's *dismissal* of the jury and not *the failure* to do so. See *State* v. *Larimore* (1910), 173 Ind. 452, 90 N. E. 898; *State* v. *Leach* (1889), 120 Ind. 124, 22 N. E. 111; *Fowler* v. *State* (1882), 85 Ind. 538; *Shaffer* v. *State* (1866), 27 Ind. 131. In *State* v. *Leach, supra,* however, the following statement was made:

> "The length of time that a jury should be kept together in a criminal case without a verdict is a matter very much within the discretion of the court." 120 Ind. at 125.

The rule there declared remains the overwhelming weight of authority in this country, as evidenced by the numerous cases cited in the annotation found at 93 A. L. R. 2d 627. See also 53 Am. Jur., *Trial* § 962. There is nothing in the record, nor does the appellant make mention of any action or statement made by the trial judge which would indicate that the jury's verdict had been in any way coerced. Nor in our opinion does the time period during which the jury deliberated on the case appear to be unduly long so as to raise a question of coercion notwithstanding the fact that the jury had twice been directed to continue its deliberations. Consequently, we hold that the trial judge, in a legitimate use of his discretionary powers, properly overruled appellant's motions for mistrial.

Appellant next argues that the evidence, when considered

in its entirety, is of such a dubious nature that appellant's guilt has not been proven beyond a reasonable doubt. It is pointed out in the argument section of appellant's brief that although there were several persons present on the evening that the alleged acts occurred, only one witness testified that he in fact saw the acts of sodomy take place; all other persons present who were called to the witness stand denied that the alleged acts occurred or indicated that they had not seen them.

As we have said on occasions too numerous to require citation, this court will not weigh the evidence nor determine the credibility of the witnesses, but will look only to that evidence most favorable to the appellee and all reasonable inferences to be drawn therefrom to determine whether the conviction is supported by sufficient evidence. Applying the above guidelines, we feel compelled to affirm appellant's conviction. One witness, William Jackson, testified unequivocally that he saw the acts of sodomy performed and described with particularity their occurrence. This testimony together with the contrary testimony of other witnesses presented a question of credibility for the jury which they resolved against appellant. It is clearly within their province to do so. The resulting verdict cannot be overturned in the absence of some legitimate basis for so doing.

Finally, appellant attempts to raise an issue relating the alleged incompetence of trial counsel. No mention is made in appellant's motion for new trial of such incompetence, however, nor did appellant attempt to bring the issue before this court under the remedies then afforded by our Supreme Court Rules 2-40 and 2-40A. See *Shack* v. *State* (1967), 249 Ind. 67, 231 N. E. 2d 36. Appellant's only remedy at this time on the question of incompetence of trial counsel therefore would be under the post conviction remedy rules.

For all the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, DeBruler and Givan, JJ., concur. Jackson, J., dissents with opinion.

## DISSENTING OPINION

JACKSON, J.—I am unable to concur in the majority opinion and dissent thereto.

An examination of the record herein discloses a total lack of substantial evidence of probative value to sustain the verdict below.

The evidence relied on by the State is the uncorroborated testimony of a fourteen year old delinquent adduced by improper direct, leading and suggestive questions by the prosecuting attorney and denied by one of the State's witnesses and by the defense witnesses.

The second reason that I am unable to concur in the majority opinion is occasioned by the failure of that opinion to recognize the abuse of discretion by the trial court in refusing to grant the several motions of the defendant to declare a mistrial on the report of the jury that they were unable to agree on a verdict.

The record discloses the trial of appellant resumed on September 20, 1967, at 9:30 a.m. The Jury retired to deliberate on the case at 2:00 o'clock p.m. on said date. At 8:50 p.m. on the same day the jury reported to the court that they were unable to agree upon a verdict. The appellant then moved the court for a mistrial, such motion was overruled and the jury retired for further deliberation.

At 11:10 p.m. on said date the jury again returned into open court and reported they were unable to agree upon a verdict and were again ordered to retire for further deliberation. Appellant again moved for a mistrial, which motion was again overruled.

Thereafter at 11:55 p.m. the jury again returned, this time with a verdict of guilty of sodomy as charged in the affidavit.

At that time the jury had been in the court room and the jury room for a total of fourteen hours and twenty-five minutes and, in the opinion of the writer, such verdict did not represent the true verdict of the jury and was a coerced verdict brought about by the abuse of discretion of the court in refusing to grant appellant's motion for a mistrial.

The judgment of the trial court should be reversed and remanded with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 261 N. E. 2d 68.