BILLY RAY WINSTON *v.* STATE OF INDIANA.

[No. 1276S430. Filed February 10, 1978.
Rehearing denied March 29, 1978.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Eugene C. Hollander*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Charles D. Rodgers*, Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of armed robbery. His conviction was affirmed by this Court in *Winston* v. *State*, (1975) 263 Ind. 8, 323 N.E.2d 228. Appellant filed a petition for post-conviction relief alleging denial of his constitutional rights under the Fourth and Sixth Amendments to the United States Constitution. The trial court denied the petition without a hearing on the ground that the issues raised had been determined by the Supreme Court of Indiana in the prior appeal.

Appellant's sole contention is that the trial court erred in denying the petition without conducting a hearing. PC 1, Sec. 4(e) provides:

> "(e) If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

In his petition appellant raises issues which were specifically decided by the Court adversely to him in the original opinion. These cannot be relitigated. PC 1, Sec. 8.

The only issue now raised which was not raised in the prior appeal is that appellant was arrested without probable cause in violation of his constitutional rights. This issue has been waived. *Brown* v. *State*, (1974) 261 Ind. 619, 308 N.E.2d 699. The trial judge therefore properly denied the petition without a hearing because the plead-

ings conclusively showed that appellant was entitled to no relief. However appellant argues that *Langley* v. *State,* (1971) 256 Ind. 199, 267 N.E.2d 538, requires that in order for the court to consider the issue of waiver the State must raise it. The *Langley* case involved a hearing in which the State argued the merits of the petition and then, on appeal, asserted that petitioner had waived certain issues. In the case at bar the State denied generally the allegations in the petition. A hearing was never held because the judge determined that the petition was without merit. To hold that under these circumstances the trial judge could not take judicial notice of this Court's prior opinion in this case and of the fact that the other appealable issue had been waived, would be to tie the hands of our trial courts and force the relitigation of meritless issues.

Accordingly, the judgment of the trial court is affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBRULER, J.—The majority finds that appellant sought to raise a new issue in this, his first post-conviction proceeding, which issue was not previously raised in his first and direct appeal. The Court further determines that this new issue has at this point been waived. This may indeed be the case; however, I am unable to determine from the record before us where and when this waiver may have occurred. The trial court found no such waiver in denying appellant's petition under Ind. R.P.C. 1, § 4(e), but instead denied it on the basis of *res adjudicata.* Obviously this finding was erroneous with regard to the one newly raised issue relating to the presence of probable cause to arrest. There is no per se rule which precludes appellant from raising a new issue in his first post-conviction proceedings which he did not raise in his direct appeal. *Ayad* v. *State,* (1970) 254 Ind. 430, 261 N.E.2d 68. Under these circumstances the appropriate action here would

be to affirm the judgment of the trial court in all respects save one, and that the case be remanded to the trial court for a waiver hearing. *Langley* v. *State,* (1971) 256 Ind. 199, 267 N.E.2d 538.

NOTE.—Reported at 372 N.E.2d 183.