Vincent Hugh **WILLIAMS**,
Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A04–9012–CR–616.

Court of Appeals of Indiana,
Fourth District.

July 22, 1991.

Dennis A. Vowels, Evansville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Vincent Hugh Williams appeals his conviction by the Vanderburgh Circuit Court for possession of cocaine within 1,000 feet of school property, a Class B felony, as a lesser included offense of knowing delivery thereof.

We affirm.

This appeal presents the following issues:

1. whether Williams's earlier conviction for possession of cocaine within 1,000 feet of school property barred his re-trial for delivery thereof within 1,000 feet of different school property charged in the same information when the first trial as to the re-tried count resulted in a hung jury, and

2. whether the trial court erred by giving an instruction limiting the jury's consideration to only two of the three bags of cocaine entered into evidence in the second trial.

A confidential informant, working with an Evansville police department narcotics squad, called Williams and arranged to make a drug buy from him. Duly wired and moneyed, the police drove the informant to Williams's house for that purpose.

An officer saw the informant and Williams talk on the porch for awhile, then go into Williams's house. Soon thereafter, the officer heard a car door slam via the informant's wire transmission and realized the informant and Williams were no longer in the house. Williams and the informant drove to Michael Moody's house. There, Williams asked Moody if he knew anyone who had cocaine because he had a friend who wanted an "eightball" (a 3–½ gram package of cocaine). Moody said he would check. Williams and the informant left.

When they returned, Moody told them he had found some cocaine. Williams told Moody the girl with him (informant) wanted to buy some. Moody then got into the car and initially gave Williams two bags of cocaine, passing the bags between the bucket seats to Williams in the front driver's seat. At Williams's further request, Moody went into the house and returned with one more bag of cocaine. He also gave that bag to Williams. Williams passed the money for these bags back to Moody, who was sitting in the auto's back seat. (R. 196–197). This transaction took place within 1,000 feet of Lincoln School. (R. 141–142).

Williams and the informant then drove off and Williams dropped the informant off several blocks away. When picked up by her controlling police officer, the informant gave her controller the two cocaine bags she had in her possession. The drug buy money was recovered from Moody's house during a search. The police had recorded the serial numbers before giving the money to the informant.

Shortly thereafter, uniformed officers assisting in this operation stopped Williams. When they had him out of his car, narcotics officer Brack searched Williams and found the small bag of white powdery substance, cocaine, in Williams's sock. (R. 225). Williams was charged in a two count information with delivering cocaine within 1,000 feet of school property, to-wit: Lincoln School, in Count I, and with possession of cocaine within 1,000 feet of school property, to-wit: the Evansville–Vanderburgh County School Bus Parking Lot in Count II. In the first trial, the jury could not reach a verdict as to Count I, but found Williams guilty of Count II.

At Williams's re-trial on Count I, the jury found him guilty of the lesser included offense of possession within 1,000 feet of school property, the matter here at issue.

Williams appeals.

He first argues, in effect, his re-trial and conviction for the lesser included Count I offense of possession of cocaine within 1,000 feet of Lincoln School was barred by the constitutional double jeopardy provisions of our federal and state constitutions because

(a) both offenses occurred on the same date during a continuous course of action, and

(b) his conviction for the lesser included offense of possession within 1,000 feet of school property is barred because it is the same offense for which he was convicted under Count II in the first trial. We disagree as to both propositions.

■■■ Initially we note, separate crimes arising from the same course of conduct may be charged in one indictment or information under IND.CODE 35–34–1–9.[1] Further we note the following statement from appellant's brief:

> The Defendant *concedes* that Counts I and II require proof of a different fact. That fact is the location of "school property" [i.e., that Lincoln School is different school property than the bus parking lot].

Appellant's Brief at 9. Thus, Williams concedes his prosecution and re-trial on Count I satisfies the *Blockburger* requirement of proof of an additional fact for separate crimes arising out of one continuous course of action to stand alone in the face of a double jeopardy challenge. *Blockburger v. U.S.* (1932), 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed. 306.

Williams bases his earnest double jeopardy challenge on the second prong of the federal double jeopardy test, namely, the re-trial of Count I required the constitutionally-proscribed relitigation of factual issues already resolved in the first trial. He cites *Grady v. Corbin* (1990), —— U.S. ——, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990), and *Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 2226, n. 6, 53 L.Ed.2d 187, in support of his argument.

■■ The facts here do not present an issue under the second prong of the double jeopardy test. This re-trial resulted from the hung jury in the first trial on Williams's guilt under Count I; it was not a subsequent prosecution relitigating facts already determined. Reprosecution is not barred where a jury is discharged for inability to reach a verdict. *Logan v. U.S.* (1892), 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429. *See, also United States v. Jorn* (1971), 400 U.S. 470, 91 S.Ct. 547, 555–556, 27 L.Ed.2d 543. As was said in *Jorn,*

> Certainly it is clear beyond question that the Double Jeopardy Clause does not guarantee a defendant that the Government will be prepared, in all circumstances, to vindicate the social interest in law enforcement through the vehicle of a single proceeding for a given offense. Thus, for example, reprosecution for the same offense is permitted where the defendant wins a reversal on appeal of a conviction. (Citing cases). The determination to allow reprosecution in these circumstances reflects the judgment that the defendant's double jeopardy interests, however defined, do not go so far as to compel society to so mobilize its decisionmaking resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial error.

*Jorn,* 400 U.S. at 483, 91 S.Ct. at 556. The prohibition against double jeopardy does not bar subsequent proceedings where a trial court exercises sound discretion in declaring a mistrial over defendant's objections. *Patterson v. State* (1986), Ind., 495 N.E.2d 714, 719; *State v. Leach* (1889), 120

---

1. IC 35–34–1–9 provides, in pertinent part
Sec. 9. (a) Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) ...
(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Ind. 124, 22 N.E. 111, 112. Williams does not claim the trial court abused its discretion by discharging the first jury without it having reached a verdict as to Count I. Thus, Williams's re-trial as to Count I did not violate his double jeopardy rights.

■ Finally, Williams claims the trial court, in its final instruction regarding the lesser included offense of possession, erred by limiting the jury's consideration of the bags of cocaine in evidence to the two delivered by Williams to informant within 1,000 feet of Lincoln school. Williams contends the proscription against considering the third cocaine bag, the subject of the jury's verdict on Count II in the earlier trial, tended to confuse the jury at re-trial, and invaded its duty to constitutionally determine the law and the facts in a criminal trial. We disagree.

The trial court was acting only to protect, not to invade Williams's right to due process and a fair trial. He does not indicate why no objection was made to the third cocaine bag when offered into evidence by the State, and we will not search the record to discover the reason. The bag was the subject of Williams's conviction on Count II in the first trial, and was a fact which had already been determined. The trial court's instruction limiting the jury to consideration of the two cocaine bags delivered near Lincoln school was reasonable and in Williams's best interests. Contrary to his assertion, the trial court's limitation tended to clarify rather than confuse the issues the jury was to consider. Rather than impinge on Williams's rights, the trial court's limiting instruction acted to his benefit. We find no error.

Affirmed.

MILLER and STATON, JJ., concur.