STATE of Indiana, Appellant
(Plaintiff below),

v.

Charles E. BARKER, Appellee
(Defendant below).

No. 49S00–0110–DP–461.

Supreme Court of Indiana.

April 26, 2002.

Steve Carter, Attorney General of Indiana, Stephen R. Creason, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Monica Foster, Rhonda Long–Sharp, Indianapolis, IN, Attorneys for Appellee.

PER CURIAM.

Appellant, the State of Indiana, brings this interlocutory appeal from a trial court order declaring that Indiana's death penalty statute, Indiana Code § 35–50–2–9, is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We elected to accept jurisdiction and granted transfer pursuant to Indiana Appellate Rule 56(A).[1] For the reasons explained more fully in *Saylor v. State*, 765 N.E.2d 535 (Ind.2002), we reverse the trial court.

Barker stands convicted, by jury, of two murders, kidnapping, confinement, burglary, and carrying a handgun without a license. At the completion of the penalty phase of the trial, the jury recommended the death penalty be imposed. The trial court followed the jury's recommendation and imposed a death sentence. The convictions were affirmed on direct appeal, but the death sentence was reversed because the jury had not been instructed that life without parole was a possible sentence. *Barker v. State*, 695 N.E.2d 925, 934 (Ind.1998). The case was remanded for a new penalty phase proceeding. *Id.*

---

1. The trial court entered its order, then certified the matter for interlocutory appeal as described in Appellate Rule 14(B)(1). The State moved the Court of Appeals to accept jurisdiction in accordance with Appellate Rules 5(B) and 14(B)(2), and contemporaneously moved this Court to assume jurisdiction over the interlocutory appeal pursuant to Appellate Rule 56(A). The State also noted probable jurisdiction pursuant to Appellate Rule 4(A)(1)(b).

Before the new penalty phase was scheduled to begin, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. Barker moved to dismiss the death penalty request. He argued that Indiana's death penalty statute was unconstitutional in light of *Apprendi* because the statute allowed a person to be sentenced to death in instances where a jury did not find that the State had proved an aggravating circumstance that rendered a defendant eligible for the death penalty beyond a reasonable doubt.[2] The trial court agreed that this component of the statute rendered it unconstitutional after *Apprendi*, and granted Barker's motion to dismiss the death penalty request.

We addressed the effect of *Apprendi* in *Saylor*, and concluded that Indiana's death penalty statute remains constitutional. 765 N.E.2d 535. Accordingly, the trial court's order declaring Indiana's death penalty scheme unconstitutional is reversed. This case is remanded for a new penalty phase as we previously directed in *Barker v. State*, 695 N.E.2d at 934.

SHEPARD, C.J., DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

**2.** The statute stated that the jury could recommend a death sentence only if it found that the State had proved beyond a reasonable doubt at least one of the aggravating circumstance that made a defendant eligible for the death penalty, but also stated that the trial court was not bound by the jury's recommendation when making the sentencing determi-

nation. *See* I.C. 35–50–2–9(e) (1998). This section has been amended to provide that for a defendant sentenced after June 30, 2002, "[I]f the jury reaches a sentencing recommendation, the court shall sentence the defendant accordingly." Public Law 117–2002 (amending I.C. § 35–50–2–9(e)).