STATE of Indiana, Appellant (Plaintiff below),

v.

Chijoike Bomani BEN–YISRAYL, f/k/a Greagree Davis, Appellee (Defendant below).

No. 49S00–0308–PD–391.

Supreme Court of Indiana.

May 25, 2004.

Steve Carter, Attorney General of Indiana, Stephen R. Creason, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Russell A. Johnson, Johnson Gray & Macabee, Franklin, IN, Ann M. Sutton, Marion County Public Defender Agency, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

The State brings this interlocutory appeal of the trial court's order holding the Death Penalty Statute, Indiana Code § 35–50–2–9, to be unconstitutional, dismissing the State's request for the death penalty, and remanding for a sentencing hearing where a term of years is the only available option. We reverse and remand for reinstatement of the death penalty request.

The defendant, Chijoike Bomani Ben–Yisrayl, formerly known as Greagree Davis, was convicted of murder, burglary, and rape in 1984 following a jury trial. His penalty phase jury was unable to reach a unanimous recommendation, and the trial judge thereafter sentenced the defendant to death pursuant to then-existing procedure. Ind.Code 35–50–2–9(f) (West 1984). We affirmed. *Davis v. State*, 598 N.E.2d 1041 (Ind.1992). In subsequent post-conviction proceedings, the post-conviction court vacated the death sentence due to ineffective assistance of penalty-phase counsel and remanded for a new penalty phase trial. We affirmed. *Ben–Yisrayl v. State*, 738 N.E.2d 253 (Ind. 2000). On remand, the trial court granted the defendant's motion to dismiss the death penalty request, concluding that the Indiana death penalty statute is unconstitutional because it permits a sentence of death without requiring the jury to find beyond a reasonable doubt that the aggravating circumstance or circumstances outweigh any mitigating circumstances, which the trial court believed violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

The trial court certified its order for interlocutory appeal. Because the Court of Appeals has jurisdiction over interlocutory appeals, Ind.App. R. 14(B)(1), we granted the State's petition to transfer before consideration by the Court of Appeals, App. R. 56(A), and we accepted appellate jurisdiction over the interlocutory appeal. App. R. 14(B)(1). The trial court's order dismissing the State's death penalty request and holding the statute unconstitutional was issued on the same day that the same trial court similarly ruled in the case of *State v. Barker*, which we also decide today. 809 N.E.2d 312, 2004 WL 1153106 (Ind.2004).

The State's appeal in the present case presents arguments that are identical to those it made in *Barker*.[1] The State contends that the trial court erred in concluding that, because it does not require a penalty-phase jury to find that mitigating circumstances outweigh aggravating circumstances beyond a reasonable doubt, the Indiana death penalty statute was unconstitutional. The State's appeal argues that weighing is not a "fact" that requires proof beyond reasonable doubt under *Apprendi* and *Ring*. It also urges that the *Ring* requirement for a jury to find be-

---

1. The "summary of argument" and "argument" sections of the State's briefs in *Ben–* *Yisrayl* are verbatim duplicates of the same sections of its brief in *Barker*.

yond a reasonable doubt any fact that makes a murder defendant eligible for the death penalty applies only to aggravating circumstances under the Indiana scheme because it is these circumstances, not the "outweighing" factor, that determines a murder defendant's eligibility to be considered for the death sentence.

The argument section of Ben–Yisrayl's appellate brief consists of his declaration that he "adopts and incorporates the argument advanced by the appellee" in *Barker*, except that Ben–Yisrayl additionally emphasizes that in his case, unlike that of Barker, the penalty phase jury could not reach a decision. Br. of Appellee at 4.

As we discussed in our decision today in *Barker*, this Court recently held that "the Indiana Death Penalty Statute does not violate the Sixth Amendment as interpreted by *Apprendi* and *Ring*." *Ritchie v. State*, 809 N.E.2d 258, 268, 2004 WL 1153062 (Ind.2004). Because the weighing factor need not be found beyond a reasonable doubt, the omission of such a requirement in the Indiana death penalty statute, Ind.Code § 35–50–2–9($l$), does not render the statute unconstitutional. *Ritchie*, 809 N.E.2d at 268, 2004 WL 1153062. The trial court erred in its conclusion to the contrary.

For the reasons set forth in *Barker*, we reject the alternative arguments urging affirmance of the dismissal of the death penalty request on other grounds. As to the fact that Barker's penalty phase jury recommended death, but Ben–Yisrayl's jury was unable to reach a sentencing

decision, Ben–Yisrayl does not present any basis requiring a result different from *Barker*.[2]

Having presented only the arguments advanced in *Barker*, Ben–Yisrayl's appeal is governed by our opinion in *Barker*.

We reverse the trial court's order of June 27, 2003, finding that Indiana Code § 35–50–2–9 is unconstitutional and dismissing the State's request for the death penalty. We remand for reinstatement of the State's death penalty request and for penalty phase proceedings as previously ordered by this Court.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.

RUCKER, J., concurs in result with separate opinion.

RUCKER, J., concurring in result.

I concur in result for the reasons expressed in *State v. Barker*, No. 49S00–0308–DP–392, 809 N.E.2d 312, 2004 WL 1153106 (Ind.2004) (Rucker, J., concurring in result).

---

**2.** While it does not affect our decisions today in *Barker* or *Ben–Yisrayl*, we note that the trial court found that removing subsection 9(f) "does not leave a complete and operative statute as required by *Brady* [*v. State*, 575 N.E.2d 981, 984–85 (Ind.1991)]." Appellant's Appendix at 236. This appears inconsistent with the same trial court's order on the same

date in *Barker*, wherein the court stated that subsection 9(f), "although improper, does not jeopardize the constitutionality of I.C. § 35–50–2–9 inasmuch as the statutory framework remains intact, and viable, in the absence of the offending subsection." *State v. Barker*, 809 N.E.2d 312, 316 n. 3, 2004 WL 1153106 (Ind.2004).