STATE of Indiana, Appellant
(Plaintiff below),

v.

Charles E. BARKER, Appellee
(Defendant below).

No. 49S00–0308–DP–392.

Supreme Court of Indiana.

May 25, 2004.

Steve Carter, Attorney General of Indiana, Stephen R. Creason, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Monica Foster, Foster & Long-Sharp, Brent Westerfeld, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

This is an interlocutory appeal of a trial court order dismissing the State's request for the death penalty and ordering a sentencing proceeding where a term of years is the only option. We reverse and remand for reinstatement of the death penalty request.

The defendant, Charles E. Barker, was convicted of two counts of murder and one

count each of kidnapping, confinement, burglary, and carrying a handgun without a license. The jury recommended and the trial court imposed the death penalty. Because the penalty phase jury was not instructed on the possibility of life without parole, as required by statute, we reversed and remanded for a new penalty phase proceeding. *Barker v. State*, 695 N.E.2d 925 (Ind.1998). On remand, the defendant successfully moved to dismiss the death penalty request on grounds that Indiana's death penalty statute was facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We reversed and again remanded for the new penalty phase proceeding. *State v. Barker*, 768 N.E.2d 425 (Ind.2002). The new proceedings would be governed by the 2002 amendment to the Indiana death penalty/life without parole statute, which applies to defendants sentenced after June 30, 2002. Ind.Code § 35–50–2–9(e).

The defendant again moved to dismiss the death penalty request upon grounds not previously asserted. The trial court granted the motion, concluding that Indiana's amended death penalty statute is unconstitutional, dismissing the death penalty request, and directing that this cause be scheduled for a sentencing proceeding where a term of years is the only available option. Upon the State's request, the trial court certified its order for interlocutory appeal. Because the Court of Appeals has jurisdiction over interlocutory appeals, Ind.App. R. 14(B)(1), we granted the State's petition to transfer before consideration by the Court of Appeals, App. R. 56(A), and we accepted appellate jurisdiction over the interlocutory appeal. App. R. 14(B)(1).

### 1. "Weighing" Not a "Fact"

The procedures to be followed in cases where the State seeks the death penalty or life imprisonment without parole cases are specified in Indiana Code § 35–50–2–9, which provides in relevant part as follows:

> (e) ... the jury shall recommend to the court whether the death penalty or life imprisonment without parole, or neither, should be imposed. The jury may recommend:
>
> > (1) the death penalty; or
> >
> > (2) life imprisonment without parole;
>
> only if it makes the findings described in subsection (*l*). If the jury reaches a sentencing recommendation, the court shall sentence the defendant accordingly....
>
> ...
>
> (*l*) Before a sentence may be imposed under this section, the jury, in a proceeding under subsection (e), or the court, in a proceeding under subsection (g), must find that:
>
> > (1) the state has proved beyond a reasonable doubt that at least one (1) of the aggravating circumstances listed in subsection (b) exists; and
> >
> > (2) any mitigating circumstances that exist are outweighed by the aggravating circumstance or circumstances.

Ind.Code § 35–50–2–9.

In its interlocutory appeal of the trial court order, the State contends that the trial court erred in concluding that, because it does not require a penalty phase jury to find that mitigating circumstances outweigh aggravating circumstances beyond a reasonable doubt, the Indiana death penalty statute was unconstitutional. The State's appeal argues that weighing is not a "fact" that requires proof beyond reasonable doubt under *Apprendi* and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). It also urges that the *Ring* requirement for a jury

to find beyond a reasonable doubt any fact that makes a murder defendant eligible for the death penalty applies only to aggravating circumstances under the Indiana scheme. The State argues that it is these circumstances, not the "outweighing" factor, that determine a murder defendant's eligibility to be considered for the death sentence.

In response, the defendant argues that under the *Ring/Apprendi* rule, the focus must be on the effect of the factor on sentencing. Where any factor is required to support a sentence higher than that authorized by the guilt phase jury's verdict, the defendant asserts, that factor is equivalent to an element that must be proven beyond a reasonable doubt. He urges that, because the imposition of a death sentence in Indiana requires the penalty phase jury to find that "any mitigating circumstances that exist are outweighed by the aggravating circumstance or circumstances," Ind.Code § 35–50–2–9(*l*), the *Ring/Apprendi* rule mandates that such "weighing" factor be proven beyond a reasonable doubt.

After briefing was completed in this case, this Court addressed the same question in *Ritchie v. State*, 809 N.E.2d 258, 2004 WL 1153062 (Ind.2004). There we held that "[n]either federal constitutional doctrine under *Apprendi* and *Ring* nor Indiana state jurisprudence leads to the requirement that weighing be done under a reasonable doubt standard." *Id.* at 266, 2004 WL 1153062. After a careful evaluation of substantially the same arguments and a review of decisions from other jurisdictions, we concluded that "the Indiana Death Penalty Statute does not violate the Sixth Amendment as interpreted by *Apprendi* and *Ring*. Once a statuto-

ry aggravator is found by a jury beyond a reasonable doubt, the Sixth Amendment as interpreted in *Ring* and *Apprendi* is satisfied." *Id.* at 268, 2004 WL 1153062.

Because there is no constitutional requirement that the weighing factor be found beyond a reasonable doubt, the omission of such a requirement in the Indiana death penalty statute does not violate the constitution. The trial court erred in its conclusion to the contrary.

### 2. The "Hung Jury" Provision

■ The defendant also contends that the trial court order finding the death penalty statute unconstitutional should be affirmed on various alternative grounds, one of which is that the statute unconstitutionally permits a death sentence to be imposed by a judge alone in cases where the jury cannot reach a sentencing decision. Ind.Code § 35–50–2–9(f) (hereafter "Subsection 9(f)").[1] He argues that this provision violates *Ring*, that it renders the entire death penalty statute unconstitutional, and that the Court has no power to sever the provision.

Barker's procedural history does not include a hung jury. As explained *supra*, the defendant's penalty phase jury unanimously recommended a sentence of death, but due to instruction error, we reversed and remanded for a new penalty phase procedure. The issue now presented is the validity not of his previous penalty phase jury determination but of the procedure that would govern his retrial.

■ The State's written argument to the trial court includes the following: "The State concedes that the procedure set forth in IC 35–50–2–9(f), if it were followed by a trial court in sentencing a defendant

---

1. The provision states: "If a jury is unable to agree on a sentence recommendation after reasonable deliberations, the court shall dis-charge the jury and proceed as if the hearing had been to the court alone." Ind.Code § 35–50–2–9(f).

to death (or to life without parole), would be in violation of *Ring*." Appellant's Appendix at 142. We decline to accept the concession. As noted in *Ritchie*, the federal constitution requires aggravating circumstances to be determined by a jury beyond a reasonable doubt, but "it does not require the weighing, whether by judge or jury, to be under a reasonable doubt standard." 809 N.E.2d at 266, 2004 WL 1153062. The statute now requires the trial court to "provide a special verdict form for each aggravating circumstance alleged." Ind.Code § 35–50–2–9(d). It is thus conceivable that a penalty phase jury could return a verdict finding one or more aggravators proven beyond a reasonable doubt, but be unable to reach unanimous agreement on whether any mitigating circumstances are outweighed by the aggravating circumstances.[2] Where a jury is thus unanimous in finding one or more aggravating circumstances proven beyond a reasonable doubt but unable to agree on a sentence recommendation, Subsection 9(f) applies to instruct that the court shall "discharge the jury and proceed as if the hearing had been to the court alone." In this event the trial court shall, based upon the evidence presented to the penalty phase jury, impose a sentence of death or life without parole upon a full and proper analysis and sentencing statement, *see Harrison v. State*, 644 N.E.2d 1243, 1261–1262 (Ind.1995), or it may impose a term of years.

In the event a penalty phase jury is unable to reach a unanimous decision as to the existence of aggravating circumstances, however, *Ring* and *Apprendi* would prohibit the trial judge from proceeding under Subsection 9(f) and a new penalty phase trial would be required. *Bostick v. State*, 773 N.E.2d 266, 273–74 (Ind.2002). We are not persuaded that a penalty phase retrial under these circumstances should be treated any differently than a hung jury in an ordinary guilt phase trial: a mistrial should be declared and the case submitted to a new jury. *See State v. McMillan*, 274 Ind. 167, 409 N.E.2d 612 (1980); *Hinton v. State*, 272 Ind. 297, 397 N.E.2d 282 (1979); *Harlan v. State*, 190 Ind. 322, 130 N.E. 413 (1921).

We additionally observe, however, that even if Subsection 9(f) were unconstitutional as Barker alleges, it could be severed without impairing the validity of the remainder of the statute. The trial court correctly noted that the hung jury provision of the statute could be subtracted without invalidating the entire statute, citing *Brady v. State*, 575 N.E.2d 981, 988–89 (Ind.1991). Appellant's Appendix at 216.[3] We applied this procedure in *Bostick*, 773 N.E.2d at 273–74, where a jury was unable to reach a unanimous determination finding the qualifying aggravating circumstances beyond a reasonable doubt, and the trial judge then imposed a sentence under the hung jury provision of Subsection 9(f).[4] Applying *Apprendi* and *Ring*,

---

**2.** For a thoughtful examination of various alternative penalty phase outcomes, see Justice Sullivan's concurring and dissenting opinion in *Saylor v. State*, 765 N.E.2d 535, 573 576 (Ind.2002).

**3.** The trial court found that subsection 9(f), "although improper, does not jeopardize the constitutionality of I.C. § 35–50–2–9 inasmuch as the statutory framework remains intact, and viable, in the absence of the offend-

ing subsection." Appellant's Appendix at 216. This appears inconsistent with the same trial court's order on the same date in a different case, wherein the court stated that removing subsection 9(f) "does not leave a complete and operative statute as required by *Brady*." *State v. Ben Yisrayl*, 809 N.E.2d 309, 311 n. 2, 2004 WL 1157480 (Ind.2004).

**4.** In *Bostick*, the State sought not the death penalty but life without parole, both of which

we vacated the trial court's sentence and remanded for a new sentencing proceeding.

 As noted in *Brownsburg Area Patrons v. Baldwin,* 714 N.E.2d 135, 141 (Ind.1999), this Court has an overriding obligation to construe our statutes in such a way as to render them constitutional if reasonably possible. "If a statute can be construed to support its constitutionality, such construction must be adopted." *Burris v. State,* 642 N.E.2d 961, 968 (Ind. 1994). As noted in *State v. Monfort,* 723 N.E.2d 407, 415 (Ind.2000) and *In re Public Law No. 154–1990,* 561 N.E.2d 791, 793 (Ind.1990), this Court has adopted the test for severability used in *Dorchy v. Kansas,* 264 U.S. 286, 289–90, 44 S.Ct. 323, 324, 68 L.Ed. 686, 689–90 (1924) (internal citations omitted):

> A statute bad in part is not necessarily void in its entirety. Provisions within the legislative power may stand if separable from the bad. But a provision, inherently unobjectionable, cannot be deemed separable unless it appears both that, standing alone, legal effect can be given to it and that the legislature intended the provision to stand, in case others included in the act and held bad should fall.

The key question is whether the legislature "would have passed the statute had it been presented without the invalid features." *State v. Kuebel,* 241 Ind. 268, 278, 172 N.E.2d 45, 50 (1961).

The text of subsection 9(f) has long been a part of the Indiana statute governing sentences of death and life imprisonment without parole. Before the 2002 amendment, the statute provided that the jury would make a sentencing recommendation, but the trial court was assigned the responsibility for determining the sentence,

and it was not bound by the jury's recommendation. Subsection 9(f) provided that, in the absence of a unanimous decision of the sentencing jury, the trial judge would proceed to determine the sentence without the jury's recommendation. The 2002 amendment shifted the final sentencing decision to the jury, stating: "If the jury reaches a sentencing recommendation, the court shall sentence the defendant accordingly." Ind.Code § 35–50–2–9(e). Even though the amendment assigned the jury the primary responsibility for the sentencing decision, it did not delete subsection 9(f) from the statute. If subsection 9(f) were to be judicially severed, we are convinced that the legislature ·fully intended the remainder of the Indiana death penalty/life without parole statute to stand because its absence would not impair the operation of the remainder of the statute. We maintain, however, that subsection 9(f) should not be stricken at all. As discussed above, we reject Barker's constitutional challenge to subsection 9(f).

We hold that Subsection 9(f) is not unconstitutional as written, but that it may not be constitutionally applied to permit a judge to impose a sentence where a jury has been unable to decide whether the aggravating circumstance or circumstances have been proven beyond a reasonable doubt. This does not impede the State's request for the death penalty in Barker's case.

### 3. "Recommend" and Special Verdict Language in Statute

 The defendant also contends that the amended Indiana death penalty statute is unconstitutional because it "systematically diminishes the jury's sense of responsibility." Br. of Appellee at 25. He argues that the statute contains several references to the jury's duty· as making a

---

are governed by the same statutory provision,

Ind.Code § 35–50–2–9(f).

"recommendation" but that "nowhere does it state or suggest the jury's role is anything other than advisory." Br. of Appellee at 30. We reject this argument.

Although the 2002 amendment did not alter the prior statute's use of the word "recommend," subsection 9(e) as amended now explicitly states: "If the jury reaches a sentencing recommendation, the court shall sentence the defendant accordingly." Ind.Code § 35–50–2–9(e). Under the statute, "there is only one sentencing determination, which is done by the jury." *Stroud v. State*, 809 N.E.2d at 287, 2004 WL 1153058 (2004). "The judge must apply the jury's determination." *Id.* We assume that jury instructions will make this clear to the jury during the new penalty phase proceedings.

■ The defendant also expresses concern that the provision calling for the jury to receive a special verdict form, Ind.Code § 35–50–2–9(d), leads to the conclusion that "the court remains free to sentence to death where a jury finds statutory aggravation even if it unanimously recommends a sentence less than death." Br. of Appellee at 38. As discussed above in Part 2, a judge may determine the sentence under Subsection 9(f) if a penalty phase jury unanimously finds one or more aggravating circumstances proven beyond a reasonable doubt. Where a jury finds aggravating circumstances but decides against the death penalty (or against life imprisonment without parole), however, we conclude that with its 2002 amendment to Subsection 9(e) requiring the court to sentence a defendant "accordingly," the legislature did not intend to permit a trial court to order a penalty expressly rejected by the jury. The amendment did more than add the following language to Subsection

9(e): "If the jury reaches a sentencing recommendation, the court shall sentence the defendant accordingly." Acts 2002, Public Law 117, Section 2. It also deleted prior language providing that "[t]he court shall make the final determination of the sentence, after considering the jury's recommendation.... The court is not bound by the jury's recommendation." *Id.* We therefore hold that once a penalty phase jury reaches a recommendation against the death penalty (or life imprisonment without parole), a trial court may not thereafter enter judgment providing for a greater sentence.[5]

### 4. Ex Post Facto

The defendant contends that the trial court's finding of unconstitutionality may be supported for the alternative reason that application of the amended death penalty statute violates the prohibition on *ex post facto* laws. The murder for which Barker awaits sentencing was committed in August of 1993, and the statute as amended in 2002 applies to all sentencing hearings held after June 30, 2002.

In recent cases, this Court has addressed this issue and determined that application of the Indiana death/life without parole statute as amended in 2002 to prior murders involving sentencing after June 30, 2002, does not violate constitutional provisions prohibiting *ex post facto* laws. *Helsley v. State*, 809 N.E.2d 292, 300–01, 2004 WL 1153052 (Ind.2004); *Stroud*, 809 N.E.2d at 288–89, 2004 WL 1153058; *Ritchie*, 809 N.E.2d at 264, 2004 WL 1153062.

### Conclusion

The trial court's order of June 27, 2003, finding that Indiana Code § 35–50–2–9 is

5. Barker does not challenge the authority of a trial court under the statute to sentence a defendant to a penalty lesser than that unanimously recommended by a penalty phase jury, and thus we decline to address this question.

unconstitutional and dismissing the State's request for the death penalty, is reversed. We remand for reinstatement of the State's death penalty request and for penalty phase proceedings as previously ordered by this Court.

SHEPARD, C.J., concurs.

SULLIVAN, J., concurs with separate opinion.

BOEHM, J., concurs, except as to the description of the effect of the 2002 amendments to the Death Penalty Statute, as to which his views are set forth in his separate opinion in *Helsley v. State*, 809 N.E.2d 292, 304, 2004 WL 1153052 (Ind.2004).

RUCKER, J., concurs in result with separate opinion.

SULLIVAN, Justice, concurring.

In *Bostick v. State*, 773 N.E.2d 266, 274–75 (Ind.2002), I dissented from the proposition that remand for a new penalty phase was a permissible option under Indiana Code § 35–50–2–9 where the jury is unable to reach a unanimous sentencing recommendation. I acknowledge *Bostick* as stare decisis for this and future cases.

RUCKER, J., concurring in result.

I agree that Indiana's death penalty statute is not unconstitutional. Therefore I concur in result with the majority opinion. My primary point of departure however with the majority opinion is its conclusion that "[n]either federal constitutional doctrine under *Apprendi* and *Ring* nor Indiana state jurisprudence leads to the requirement that weighing be done under a reasonable doubt standard." Op. at 315 (quoting *Ritchie v. State*, No. 49S00–0011–DP–638, 809 N.E.2d 258, 266, 2004 WL 1153062 (Ind. 2004)). My view is quite the opposite.

The maximum punishment for murder is a term of years. In order for a defendant to become death eligible after a guilty verdict of murder, two separate and independent factors must be found: (i) the existence beyond a reasonable doubt of at least one of the statutory aggravating circumstances, and (ii) the aggravating circumstances outweigh the mitigating circumstances. *See* Ind.Code § 35–50–2–9(*l*); *Brown v. State*, 698 N.E.2d 1132, 1144 (Ind.1998). Under *Apprendi* other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. 2348. To say that the process of weighing is not a fact but a traditional sentencing factor Br. of Appellant at 9, should provide the State no refuge. As *Apprendi* makes clear the relevant inquiry is not one of form but of effect—does the required *finding* expose the defendant to a greater punishment than that authorized by the jury's guilty verdict? *Id.* at 494, 120 S.Ct. 2348 (emphasis added). *Ring* is even more explicit: If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt. 536 U.S. at 602, 122 S.Ct. 2428. I continue to believe that perhaps unlike the capital sentencing schemes in some other jurisdictions, it is the structure of Indiana's capital sentencing statute that pulls it in within the embrace of the *Apprendi* and *Ring* doctrine. *Ritchie*, 809 N.E.2d at 271, 2004 WL 1153062, (Rucker, J., dissenting in part). In my view the plain language of the statute makes death eligibility contingent upon certain findings that must weighed by the jury on proof beyond a reasonable doubt.

Having said that, I would nonetheless not declare the weighing portion of the

death penalty statute unconstitutional. [I]f an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is 'fairly possible,' we are obligated to construe the statute to avoid such problems. *Id.* (quoting *I.N.S. v. St. Cyr,* 533 U.S. 289, 299–300, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)). Rather, I would simply construe I.C. § 35–50–2–9(*l*) as implicitly requiring the jury to find beyond a reasonable doubt that any mitigating circumstances that exist are outweighed by the aggravating circumstance or circumstances. Thus construed the statute would be consistent with the dictates of *Apprendi* and *Ring.*