HOLMES, Eric D., n/k/a/ Koor An Nur of Mary Katie Brown, petitioner,

v.

STATE of Indiana, respondent.

No. 49S00–0409–SD–423.

Supreme Court of Indiana.

Jan. 7, 2005.

## ORDER CONCERNING SUCCESSIVE PETITION FOR POST–CONVICTION RELIEF IN CAPITAL CASE

This matter is before us on a request by petitioner, Eric D. Holmes, to file a successive petition for post-conviction relief from his death sentence pursuant to Indiana Post Conviction Rule 1, Section 12, and the "State's Verified Response to Holmes' Successive Petition for Post–Conviction Relief." As explained below, permission to file a successive petition is denied.

A jury unanimously found Holmes guilty of two intentional murders, an attempted murder and a robbery committed in 1989. The jury did not reach a unanimous recommendation on the State's request for a death sentence in the penalty phase of the trial. The trial court imposed the death sentence on the basis of two aggravating circumstances that rendered Holmes eligible for the death penalty. *See* Ind.Code. § 35–50–2–9(b)(1) & (b)(8) (intentional killing during a robbery and the commission of multiple murders). The four convictions and the death sentence were affirmed on direct appeal in *Holmes v. State,* 671 N.E.2d 841 (Ind.1996), *cert. denied,* 522 U.S. 849, 118 S.Ct. 137, 139 L.Ed.2d 85 (1997). Collateral post-conviction relief was ultimately denied in *State v. Holmes,*

728 N.E.2d 164 (Ind.2000), cert. denied, 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). The federal district court denied a petition for a writ of habeas corpus in *Holmes v. Anderson,* No. IP00–1477–C–M/L (S.D.Ind. Sept. 2, 2004), *appeal docketed Holmes v. McBride,* No. 04–3549 (7th Cir.2004).

Holmes has already availed himself of our rule that permits a person convicted of a crime in an Indiana state court one collateral review of the conviction and sentence in a post-conviction proceeding. *See* Ind. Post–Conviction Rule 1. Holmes is now requesting permission to initiate a second, or "successive" post-conviction proceeding. We will authorize the filing of a successive petition "if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief." P–C.R. 1, § 12.

■ Holmes claims he is entitled to relief from his death sentence because of changes made in 2002 to Indiana's death penalty statute.

He cites *Saylor v. State,* 808 N.E.2d 646 (Ind.2004), as support for his claim. Saylor had been sentenced to death for a 1992 murder despite his jury's unanimous recommendation against a death sentence. Then in 2002, Indiana's statute was amended and no longer allows a person to be sentenced to death if the jury unanimously recommends against it. *See* I.C. § 35–50–2–9(e) (2004). We revised Saylor's death sentence to a term of years after concluding it was "not appropriate to execute a person who was convicted and sentenced through a procedure that has now been substantially revised so the same trial today would no longer render the defendant eligible for the death penalty." 808 N.E.2d at 647.

The circumstances for Holmes are different. The jury at his trial did not return a unanimous recommendation on the death sentence. Indiana law still authorizes the sentencing judge to impose a death sentence if the jury cannot agree on a sentencing recommendation. *See* I.C. § 35–50–2–9(f) & (g) (2004) (the current version) and I.C. § 35–50–2–9(f) & (g) (Supp.1989) (the version in effect when Holmes committed the murders). We have previously determined that such a scheme is not inconsistent with the requirements for unanimous jury decisions announced by the United States Supreme Court in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See State v. Barker,* 809 N.E.2d 312, 316 (Ind.2004); *Ritchie v. State,* 809 N.E.2d 258, 266 (Ind.2004) ("[T]he federal constitution requires that eligibility for the death penalty be determined by the jury beyond a reasonable doubt, but it does not require that the decision whether to impose death be made by the jury, and it does not require the weighing, whether by judge or jury, to be under a reasonable doubt standard."). Thus, *Saylor* does not establish a reasonable possibility that Holmes is entitled to relief.

■ Holmes cites another change in the statute as a basis for relief. This change requires the trial court to "provide a special verdict form for each aggravating circumstance alleged" on which the jury will indicate whether it found an aggravating circumstance beyond a reasonable doubt. *See* I.C. § 35–50–2–9(d); *Barker,* 809 N.E.2d at 316. Holmes argues the new verdict-form requirement should be applied to him; otherwise, he asserts, there is no "documentation" of the jury's findings regarding aggravating circumstances that made Holmes eligible for a death sentence.

There is documentation in this case, however. The jury returned a verdict in the guilt phase of the trial finding Holmes guilty of two intentional murders and robbery. *See Holmes,* 671 N.E.2d at 845. This unanimous verdict in the guilt phase necessarily establishes that the jury found, beyond a reasonable doubt, aggravating circumstances rendering Holmes eligible for the death penalty. *See* I.C. § 35–50–2–9(b)(1) & (8); *accord Wrinkles v. State,* 776 N.E.2d 905, 907 (Ind.2002) (holding that a jury's verdict in the guilt phase, finding petitioner guilty of the three murders, necessarily means the jury found beyond a reasonable doubt that petitioner had committed more than one murder).

Similarly, the facts established by the unanimous guilt-phase verdict distinguish this case from one cited in the dissent, *Bostick v. State,* 773 N.E.2d 266 (Ind. 2002). Bostick's jury unanimously found her guilty of killing three people. In requesting a sentence pursuant to Indiana Code § 35–50–2–9, the State alleged the aggravating circumstance that the victims were under the age of twelve. *See* I.C. § 35–50–2–9(b)(12). The jury was unable to reach a unanimous recommendation on the sentence, but the trial court nonetheless found the State had proved the aggravating circumstance beyond a reasonable doubt and sentenced Bostick to life without parole. In her direct appeal, Bostick argued the enhanced sentence was invalid because there was no jury finding on the children's ages as required by *Apprendi.* Under the circumstances in Bostick's case, we agreed. *See Bostick,* 773 N.E.2d at 273 (holding "[b]ecause of the absence of a jury determination that qualifying aggravating circumstances were proven beyond a reasonable doubt, we must therefore vacate the trial court's sentence of life without parole.").

For Holmes, however, the situation is different. The aggravating circumstances charged in his case were intentional murders during a robbery and multiple murders. By finding him guilty of intentional multiple murders and robbery, the jury necessarily found the aggravating circumstances beyond a reasonable doubt. Thus, to the extent *Apprendi's* requirement— "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt"—applies to Holmes, the requirement was met.

We conclude Holmes has not established a reasonable possibility that he is entitled to post-conviction relief on the claim submitted with respect to changes to Indiana's death penalty statute, and decline to authorize the filing of a successive petition for post-conviction relief. As indicated, Holmes is currently seeking additional review of his convictions and sentence in the federal courts.

The Clerk is directed to send a copy of this order to Eric D. Holmes, n/k/a Koor An Nur of Mary Katie Brown; to the Clerk for the U.S. Seventh Circuit Court of Appeals; to counsel of record; and to West Publishing for publication in the bound volumes of this Court's decisions.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

SULLIVAN, J., dissents with opinion in which RUCKER, J., concurs.

SULLIVAN, Justice, dissenting.

I respectfully dissent from the Court's order denying Petitioner Koor An Nur of Mary Katie Brown (formerly known as Eric D. Holmes) permission to file a successive petition for post-conviction relief.

This Court will authorize the filing of a successive petition for post-conviction relief if the petitioner establishes a reason-

able possibility that the petitioner is entitled to post-conviction relief. Ind. Post-Conviction Rule 1(12)(b). I believe Petitioner's situation is sufficiently similar to that of *Saylor v. State,* 808 N.E.2d 646 (Ind.2004), that there is a reasonable possibility that he would receive post-conviction relief.

There are the differences in Petitioner's and Saylor's situations that the Court's order identifies, to be sure. But one of the themes of the *Saylor* opinion that comes through loud and clear is the relative uniqueness of Saylor's position—that part of the reason that it would have been improper to execute him was that he was one of only three people on death row whose jury had recommended against death. Petitioner's situation is almost as unique. Indeed, the *Saylor* opinion identified Petitioner by name as being only one of four people on death row (the others being the three just mentioned) whose juries had not recommended a sentence of death. *Id.* at 650. Put differently, assuming the other two individuals in the same class as Saylor receive the same relief, Petitioner will be the *only* person on Indiana's death row whose jury has not recommended a sentence of death.

As to the 2002 amendments to the Indiana death penalty statute, it is true that the statute still authorizes the sentencing judge to impose a death sentence if the jury cannot agree on a sentencing recommendation. But I do not think this package is wrapped tightly enough to say that there is no reasonable possibility that Petitioner is entitled to post-conviction relief. This is because, even though the statute still permits a judge to impose a death sentence in the face of a penalty phase "hung-jury," the statute operates differently than it did prior to the United States Supreme Court's decisions in *Apprendi v. New Jersey,* 530 U.S. 466, 120

S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In *Apprendi,* the Court held that the Sixth Amendment to the U.S. Constitution requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. *Ring* made it clear that *Apprendi* applies to capital sentencing schemes. 536 U.S. at 609, 122 S.Ct. 2428.

As we pointed out in *State v. Barker, Apprendi* and *Ring* require "a penalty phase jury [to] return a verdict finding one or more aggravators proven beyond a reasonable doubt" before a sentencing judge can impose a sentence of death in the face of a penalty phase "hung-jury." *Barker,* 809 N.E.2d at 316. No such finding was made in Petitioner's case.

Indeed, in *Bostick v. State,* 773 N.E.2d 266, 273 (Ind.2002), this Court's *only* post-*Ring* penalty phase hung-jury case, we held that because the "jury during the sentencing phase was unable to reach a unanimous recommendation, and thus there was no jury determination finding the qualifying aggravating circumstances beyond a reasonable doubt," the judge-imposed sentence of life-without-parole violated *Apprendi* and *Ring.*

The Court's order is correct when it says that we have held that a jury's guilt phase verdict can serve to establish the jury finding of the existence of the requisite aggravating circumstances to meet the requirements of *Apprendi* and *Ring.* But every time we have affirmed a sentence on that basis, it has been in a case where the jury unanimously recommended a sentence of death or life without parole. *See Clark v. State,* 808 N.E.2d 1183, 1196 (Ind.2004); *Williams v. State,* 793 N.E.2d 1019, 1028 (Ind.2003); *Brown v. State,* 783 N.E.2d

1121, 1126 (Ind.2003); *Wrinkles v. State,* 776 N.E.2d 905, 907–08 (Ind.2002); *Obadyah Ben–Yisrayl v. State,* no. 45S00–0112–SD–636, unpublished "Order Concerning Successive Post–Conviction Relief" (Ind. Feb. 15, 2002). The Court's order in this case is the first time this Court has explicitly concluded that the requirements of *Apprendi* and *Ring* have been met by a jury's guilt phase verdict where there was a hung-jury at the penalty phase.

While *Apprendi* and *Ring* do not apply to Petitioner's case because his direct appeal was final before they were decided, *see Schriro v. Summerlin,* —— U.S. ——, ——, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (U.S.2004), the fact that Petitioner would not be sentenced to death today, combined with his unique position as described above, is sufficient for me to conclude that there is at least a reasonable possibility that he is entitled to post-conviction relief.

I would grant Petitioner's request to file a successive petition for post-conviction relief.

RUCKER, J., concurs.