**STATE of Indiana, Appellant**
**(Plaintiff below),**

v.

**Charles BARKER, Appellee**
**(Defendant below).**

No. 49S00–0308–DP–392.

Supreme Court of Indiana.

May 4, 2005.

Steve Carter, Attorney General of Indiana, Stephen R. Creason, Section Chief & Deputy Attorney General, Office of Attorney General, Attorneys for Appellant.

Monica Foster, Foster & Long–Sharp, Brent Westerfeld, Indianapolis, IN, Attorneys for Appellee.

On Petition For Rehearing

DICKSON, Justice.

The appellee/defendant Charles Barker seeks rehearing following our decision in *State v. Barker,* 809 N.E.2d 312 (Ind.2004). We decline rehearing as to the issues addressed in our opinion. Barker, however, asserts that our opinion did not specifically address his claimed violation of Article 1, Section 19, of the Constitution of Indiana.

Barker raised the Section 19 issue in the trial court in memoranda supporting his motion to dismiss the death penalty. This issue was not, however, a basis on which the trial court granted his motion. Barker nevertheless did reassert and discuss the issue in four paragraphs within the argu-

ment section of his Brief of Appellee in this interlocutory appeal. Brief of Appellee at 26. We will therefore address this claim.[1]

■ Barker contends that the United States Supreme Court's decisions in *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should alter the application of Article 1, Section 19 of the Indiana Constitution, which provides: "In all criminal cases whatever, the jury shall have the right to determine the law and the facts." We have previously held that Section 19 does not apply to sentencing proceedings and therefore is inapplicable in capital cases at the penalty phase. *Peterson v. State*, 674 N.E.2d 528, 541 (Ind. 1996). He argues that now that *Ring* and *Apprendi* treat aggravation and weighing as "elements" requiring a jury trial, *Peterson* and prior cases on which it is based should be overruled and that Section 19 should now be applied in penalty phase proceedings, thus entitling a capital defendant to a jury determination of his sentence. Because Indiana Code § 35–50–2–9(f) permits a death sentence to be imposed by a judge alone in cases where the jury cannot reach a sentencing decision, Barker claims that the death penalty statute is facially unconstitutional under Section 19.

In our previous opinion we rejected Barker's claim that Indiana's amended death penalty statute violates the federal Constitution because it contains a provision, Ind.Code § 35–50–2–9(f), that permits a death sentence to be imposed by a judge alone in cases where the jury cannot

reach a sentencing decision. *Barker*, 809 N.E.2d at 317. We specifically held that such provision "is not unconstitutional as written, but that it may not be constitutionally applied to permit a judge to impose a sentence where a jury has been unable to decide whether the aggravating circumstance or circumstances have been proven beyond a reasonable doubt." *Id.* And as to occasions when a jury finds that one or more aggravators are proven beyond a reasonable doubt but is unable to reach unanimous agreement on whether any mitigating circumstances are outweighed by the aggravating circumstances, such weighing is not a "fact" and thus does not require jury determination. *See Ritchie v. State*, 809 N.E.2d 258 (Ind.2004).

■ Barker does not present any showing that the framers and ratifiers of the Indiana Constitution intended Section 19 to guarantee a jury determination of facts and law with respect to sentencing factors. To the contrary, it has been recognized for over a century that the right to jury trial under the Indiana Constitution generally applies only to the finding of guilt or innocence and not to the determination of punishment. *Miller v. State*, 149 Ind. 607, 619, 49 N.E. 894, 898 (1898). To the extent that our amended death penalty statute, as well as federal constitutional jurisprudence, now require the aggravating circumstances used in sentencing to be found by a jury, it may be that such facts are governed by Section 19. *See Parker v. State*, 698 N.E.2d 737, 742 (Ind. 1998), and *Seay v. State*, 698 N.E.2d 732, 733 (Ind.1998) (applying Section 19 to habitual offender sentencing decisions that are assigned to juries by statute). We

---

**1.** Baker's Brief of Appellee also asserted that the capital sentencing statute's direction to provide special verdicts violates the separation of powers doctrine under Article 3, Section 1, of the Indiana Constitution. Brief of Appellee at 27–28. His petition for rehearing does not request explicit consideration of this claim, and we deem the claim to be abandoned and procedurally forfeited.

decline, however, to extend the right of jury trial provided in Section 19 to the determination of "weighing," which is not a "fact" necessarily requiring a jury decision under Indiana Code § 35–50–2–9(f). We decline Barker's request that we overrule *Peterson* and reject his claim that Indiana's death penalty statute violates Article 1, § 19 of the Indiana Constitution.

Having rejected Barker's claim of Indiana Constitutional violation, we reach the same conclusion as our previous opinion now challenged by this petition for rehearing. Accordingly, the trial court's order of June 27, 2003, finding that Indiana Code § 35–50–2–9 is unconstitutional and dismissing the state's request for the death penalty, is reversed. We remand for reinstatement of the State's death penalty request and for penalty phase proceedings as previously ordered by this Court.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.

RUCKER, J., concurs except as to the decision to deny rehearing on the question of whether the weighing requirement of Indiana's capital sentencing statute is a factor that must be submitted to jury and proven beyond a reasonable doubt. On this issue his view is expressed in *State v. Barker*, 809 N.E.2d 312, 319 (Rucker, J., concurring in result).