## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 14 2015, 9:42 am
CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| James E. Manley<br>New Castle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Angela N. Sanchez<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James E. Manley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 14, 2015<br><br>Court of Appeals Case No.<br>53A01-1407-CR-317<br><br>Appeal from the Monroe Circuit Court.<br>The Honorable Marc R. Kellams, Judge.<br>Cause No. 53C02-9702-CF-74 |

**Sullivan, Senior Judge**

[1] James E. Manley appeals from the trial court's order denying his motion for change of venue from the judge and his motion for relief from judgment. Manley contends that the trial court committed reversible error by denying his motions. However, finding the State's cross-appeal issue—whether this is an

impermissible attempt to litigate an unauthorized successive petition for post-conviction relief—dispositive, we dismiss his appeal.

[2] Manley, who is incarcerated as a result of his conviction of two counts of Class A felony child molesting and two counts of Class B felony child molesting, filed his motion for change of venue from judge and motion for relief from judgment in Monroe Circuit Court. In those motions, Manley contended that the child molesting statutes under which he was convicted are unconstitutionally overbroad, that he was privileged to engage in the sexual conduct at issue under the parental privilege to otherwise criminal acts, that material exculpatory information was withheld from him at trial, and that the trial court colluded with the State to withhold material evidence from him at trial necessitating a reversal of his convictions.

[3] Manley submitted a memorandum of law in support of his motions, but did not submit any affidavits or other evidence to support his claims. Without holding a hearing, the trial court denied Manley's motions. Manley now appeals.

[4] Manley had previously unsuccessfully sought relief on direct appeal from his convictions. *See Manley v. State*, No. 53A04-9806-CR-333 (Ind. Ct. App. February 18, 1999). Thereafter, Manley's appeal from the denial of his petition for post-conviction relief was rejected by this Court. *See Manley v. State*, No. 53A01-0103-PC-107 (Ind. Ct. App. August 28, 2001) (contending that the child molesting statutes were unconstitutionally overbroad and that exculpatory evidence was withheld from him). Manley's subsequent *pro se* appeal from the

denial of his petition for relief requesting a sentence modification was denied by this Court. *See Manley v. State*, 868 N.E.2d 1175 (Ind. Ct. App. 2007). This Court has rejected two of his previous requests to file his successive petitions for post-conviction relief in 2004 and in 2006.

[5] In his reply brief, Manley argues that the State is precluded from raising its cross-appeal issue because the State waived the argument. More specifically, he claims that the State did not raise the affirmative defense of res judicata at the trial court level and did not file a motion to dismiss this appeal prior to filing an appellee brief.

[6] Here, although captioned as a motion for change of venue from the judge and motion for relief from judgment, Manley's requests are collateral attacks of his convictions.

> The Court's rules permit a person convicted of a crime in an Indiana state court to challenge the conviction and sentence collaterally in a post-conviction proceeding. *See* Ind. Post-Conviction Rule 1. As indicated above, petitioner has already availed himself of that procedure. Post-Conviction Rule 1, Section 12 specifies the procedure for requesting a second, or "successive" collateral review. The rule states:
>
> (b) The court will authorize the filing of the petition if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief. In making this determination, the court may consider applicable law, the petition, and materials from the petitioner's prior appellate and post-conviction proceedings including the record, briefs and court decisions, and any other material the court deems relevant.

*Wrinkles v. State*, 776 N.E.2d 905, 907 (Ind. 2002).

Here, the claims Manley raises on appellate review have already been decided against him on prior appellate review. "*Res judicata*, whether in the form of claim preclusion or issue preclusion (also called collateral estoppel), aims to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013).

Although Manley's claims are collateral attacks on his convictions and are barred by res judicata (thereby defeating the required showing of a reasonable possibility of entitlement to post-conviction relief), this appeal must be dismissed because he has failed to follow the appropriate appellate procedure. He has already pursued a direct appeal from his convictions and an appeal from the denial of his petition for post-conviction relief. Two requests for the authorization to file a successive petition for post-conviction relief have been declined by this Court.

Because Manley has already litigated one petition for post-conviction relief relating to his convictions, he must follow the procedure outlined in Post-Conviction Rule 1(12) for filing successive petitions. *See Young v. State*, 888 N.E.2d 1255, 1257 (Ind. 2008). Manley appeals from the denial of relief he sought via an unauthorized successive petition for post-conviction relief, therefore we must dismiss the appeal.

In light of the above, we dismiss Manley's appeal.

Dismissed.

Bailey, J., and Bradford, J., concur.